## E. C. GAMBLE v. GEORGE B. MARTIN ET AL.

Decided April 30, 1910.

**1.—Contract—Specific Performance—Foreclosure of Lien—Election of Remedies.**

The owner of a tract of land which was encumbered by mortgage entered into a written contract to sell the land to the mortgagee at a certain price; the owner afterwards refused to comply with said contract, whereupon the mortgagee foreclosed his mortgage and bought in the land; in a suit by the mortgagee against the owner for the land, the mortgagee prayed, among other things, that the owner be compelled to comply with his contract of sale, to which the owner excepted on the ground that by the foreclosure of his mortgage and the purchase of the property thereunder the mortgagee had elected a remedy and could not afterwards insist on specific performance of said contract, which exception was sustained by the court. Held, error. The right to foreclose the mortgage and buy in the property, and the right to enforce performance of the contract to sell, were separate and distinct property rights and not two remedies to enforce the same property right.

**2.—Records of Court—Proof.**

Proof as to an order passed by a Commissioners' Court should be made by the records of the court and not by parol testimony.

**3.—Trial—Sustaining Exception—Effect on Evidence.**

The sustaining of an exception to a count in a petition after the introduction of evidence, has the effect of excluding all evidence on the issue raised by said court, and therefore an appellate court could not render judgment in plaintiff's favor on such issue though the excluded evidence would have warranted its so doing.

**4.—Parties—Foreclosure—Junior Lienholder.**

The foreclosure of a vendor's lien by suit will not affect the rights of a junior lienholder who was not a party to the foreclosure proceedings.

**5.—Specific Performance—Limitation.**

A suit filed in April, 1907, for specific performance of a contract to convey land executed in March, 1900, is not barred by limitation.

**6.—Junior Lienholder—Right to Redeem.**

A junior lienholder has no right to redeem the property from the holder of a senior equity until he becomes the owner of the equity of redemption by purchase or otherwise.

**7.—Same—Limitation.**

A junior lienholder can not suspend indefinitely the running of the statute of limitation by postponing the foreclosure of his lien or otherwise acquiring the equity of redemption as against a senior lienholder. He must pursue his remedy and assert his right within a reasonable time. What is a reasonable time is a question of fact.

Appeal from the District Court of Taylor County. Tried below before Hon. Thos. L. Blanton.

*James & Yeiser,* for appellant.

*H. G. McConnell* and *A. H. Kirby,* for appellee.—Adverse possession of land under title or color of title for three years bars the claim of one not in privity with the occupant of the land, whether the claim be one of title or an equity of redemption. Rev. Stats., art. 3340; White v. Pingenot, 90 S. W., 672; 27 Cyc., 1811, note 5; id., 1815, text and notes; id., 1816, text and note 45.

Adverse possession of land for five years under a deed or deeds duly registered, coupled with the payment of taxes and the cultivation, use or enjoyment of the land, bars the rights of anyone not in privity with the possessor. Rev. Stats. 1895, art. 3342; 27 Cyc., 1811, note 5; id., 1815, text and notes; id., 1816, text and note 45.

An equity of redemption in favor of a subsequent mortgagee claiming under the vendee in an executory contract of purchase which has been rescinded by the vendor who held the superior title, is barred after ten years from the date of the rescision. 27 Cyc., 1820-21, and notes.

Where a right of redemption is to be exercised within a limited time, its duration is always to be computed from a fixed starting point, which will be determined by the time of entry and taking possession by the owner of the superior right or equity; and long and unreasonable delay in asserting a right to redeem, amounting to laches, which is not explained or sufficiently excused will justify a court of equity in refusing its aid to the party seeking to redeem.

When a holder of the equity of redemption fails to redeem the

premises within the time limited by law, he loses all interest in the property and the right to recover it on paying off the superior mortgage. 27 Cyc., 1822, and note 91.

An equity of redemption in favor of a subsequent mortgagee claiming under the vendee in an executory contract of purchase which has been rescinded by the vendor who held the superior title, is barred after four years from the date of the rescission. Rev. Stats., art. 3358.

One having two or more inconsistent remedies, who makes an election and pursues one of said remedies, can not afterwards pursue another and different remedy which has been abandoned by him. Cameron v. Hinton, 48 S. W., 24, 616; id., 92 Texas, 492; Avery v. Texas Loan Co., 62 S. W., 793.

DUNKLIN, ASSOCIATE JUSTICE.—In this suit E. C. Gamble sought to recover of George B. Martin and King County four leagues of land situated in Lamb County. The history of the title to the land, according to the allegations in the plaintiff's petition, was as follows: The land was patented to King County and, by mesne conveyances from the patentee, title to the land is vested in the defendant Martin, subject to the rights of plaintiff Gamble under and by virtue of the following facts substantially set forth in the petition. Prior to the purchase of the land by Martin, Ashby S. James owned it subject to a prior vendor's lien in favor of King County, and during such ownership he executed a deed of trust thereon in favor of L. C. Grant as trustee to secure the payment of a mortgage bond payable to plaintiff Gamble for the sum of three thousand dollars, dated January 1, 1893, and payable January 1, 1896. This deed of trust contained a provision for the appointment of a substitute trustee by Gamble in the event that Grant should refuse to act, and was duly recorded. In the year 1900 Martin entered into a contract in writing with plaintiff binding himself to convey the land to plaintiff for the same consideration which Martin had paid and contracted to pay for the property. This contract was breached by Martin. Upon being informed of the breach, plaintiff proceeded to foreclose the deed of trust in his favor, mentioned above, by having the land sold according to the stipulations for sale embodied in the deed of trust, the sale being made by Press Burnham, substitute trustee, whom Gamble appointed; Grant, the original trustee, having failed to act. The date of this sale was February 5, 1907; the property was sold to Gamble, and the substitute trustee executed and delivered to him a deed thereto of that date.

In one count of his petition plaintiff sought a specific performance of the alleged agreement of Martin to convey the land to the plaintiff and offered to pay to Martin the sums of money contemplated by said agreement, with interest and taxes accruing since the date of the agreement. In the second count of his petition plaintiff offered to pay all sums of money which equitably might be required of him to redeem the property independent of said alleged contract on the part of Martin, and sought a recovery of the same subject to a compliance by him with the terms of that offer.

By a special exception the defendant Martin contended that if he, Martin, had made the contract to convey the land to the plaintiff, as alleged in plaintiff's petition, plaintiff's right, if any, to enforce specific performance of the same had been waived by his election to have the property sold under the deed of trust and to buy at that sale. The court sustained this exception and judgment was rendered denying plaintiff a recovery of the land, but awarding him a judgment against Martin for eight thousand, four hundred and thirty-one dollars and fifty cents, the amount found to be due on the mortgage bond secured by the deed of trust recited above, with foreclosure of the mortgage lien on the land.

By his first assignment of error the correctness of the ruling sustaining the special exception noted above is challenged. Appellant insists that his right to a decree enforcing specific performance of Martin's contract to convey the land, and the right to have the property sold under the deed of trust and to buy it at that sale, are separate and distinct rights to acquire the property and not two separate remedies to enforce the same property right, and that the equitable doctrine that the election of one of two inconsistent remedies to enforce the same right is a waiver of the other remedy, does not apply.

According to allegations in the petition, Ashby S. James had conveyed his title to King County, and Martin had acquired that title from King County. If the alleged contract on the part of Martin had been consummated, plaintiff could have released the deed of trust in his favor and thus acquired full title to the land at a total cost of the unpaid purchase price due King County by Martin and the amount paid out by Martin for and on account of the property plus the amount due on the mortgage bond executed by Ashby S. James in favor of plaintiff and to secure which the deed of trust was executed. He did not have the exclusive right to purchase the property at the sale by the trustee. Martin or any stranger to the title had the same right to buy that Gamble had. It was the duty of the trustee to sell to the highest bidder and, in case of competitive bids, Gamble, in order to acquire full title to the property, might have been required to pay a greater sum than the property would have cost him had Martin conveyed it to him under the terms of the alleged contract; the amount of the bid in excess of the consideration of the sale to Martin by King County going to Martin as the holder of the title formerly owned by Ashby S. James. This, we think, demonstrates that the two rights asserted in plaintiff's petition were separate and distinct property rights, and that plaintiff's election to have the property sold under the deed of trust and to buy at that sale was not a waiver of the right to sue for specific performance, and therefore appellant's first assignment is sustained. Connoly v. Hammond, 58 Texas, 17; Hammond v. Connolly, 63 Texas, 63.

Upon objection by defendants, the deed to the land from Press Burnam as substitute trustee conveying the land to plaintiff, was excluded as evidence on the ground that the sale was under a previous advertisement thereof by the original trustee and not by the substitute trustee himself. By the terms of the deed of trust the substitute

trustee was given the same powers as were given the original trustee and the ruling complained of was error.

There was error also in admitting the testimony of A. L. Duren that the Commissioners' Court of King County in the year 1900 passed an order authorizing the county judge to execute a deed to the land in favor of Martin, as proof of such an order could be made by the records of the court only.

Appellant insists that the evidence which was introduced in support of his suit for specific performance establishes conclusively his right to that relief, and that upon such proof judgment should be here rendered decreeing specific performance. A sufficient answer to this contention is that the decision of the trial judge sustaining the special exception after the introduction of evidence had the effect to exclude all evidence on the issue of specific performance.

In the first sale of the land by King County it retained a vendor's lien to secure the payment of part of the purchase money. This lien was foreclosed in court, the county became a purchaser under the foreclosure and then sold the property to defendant Martin. Plaintiff was not a party to the foreclosure and therefore his interests were not affected thereby. McDonald v. Miller, 90 Texas, 309.

Defendant George B. Martin also has prosecuted an appeal from the judgment, and by different assignments contends that the trial court erred in overruling his exceptions presenting the statutes of limitation of four and ten years, and his pleas of limitation of three and five years. Plaintiff alleged that Martin executed the contract to convey the property to him in March, 1900, and the suit was filed April 29, 1907. It follows that the suit for specific performance of that contract was not barred by limitation. Sayles' Texas Civil Statutes, article 3360.

As shown above, the debt secured by the deed of trust matured January 1, 1896, and the sale of the property to plaintiff by the substitute trustee occurred February 5, 1907, less than three months prior to the institution of this suit. Plaintiff had the right to have the property sold under that deed of trust as soon as the debt due him from Ashby S. James matured. His right to redeem the property from the holders of senior equities did not arise until he purchased the equity of redemption under the sale by the substitute trustee. McDonald v. Miller, *supra.*

In the case last cited McDonald had procured a decree foreclosing an attachment lien upon certain real estate, and prior to a sale under that decree instituted suit to redeem the property from prior liens thereon. In that case our Supreme Court, through Chief Justice Gaines, said:

"We are aware that in most if in not all the cases in which the question is involved it is broadly asserted that the junior incumbrancer, whether mortgage or judgment or attachment creditor, who has not been made a party to the suit of the prior mortgagee, has a right to redeem the property from the mortgage. If it is meant by this that his lien upon the equity of redemption is not cut off by the foreclosure, the proposition is not to be gainsaid. But, under the rule which prevails in this State, the mortgage is a mere lien and

the mortgagor retains the legal title; and, in our opinion, under that rule, it can not be held that a junior judgment creditor has a right to bring a suit to redeem before a sale under his judgment, without losing sight of the principle which is the foundation of the equitable jurisdiction of our courts. An equitable proceeding to enforce a redemption from a prior mortgage by a junior incumbrancer is necessary to the protection of such incumbrancer's rights in those jurisdictions where the mortgagee holds the legal title and is entitled to the possession of the mortgaged estate until his debt is paid. So, where a statute gives a mortgagor a right of redemption after a foreclosure, the lien of a judgment or attachment creditor may be lost, if not permitted to redeem. Such cases call for the exercise of the jurisdiction of a court of equity. So, also, if the lien creditor has sold under his judgment and has become the purchaser of the equity of redemption, a court of equity will perfect his title by enforcing a right of redemption. In all such cases it may properly be said that the judgment or attachment creditor has a right to redeem, and we think that most if not all the cases in which the proposition has been asserted fall within one of these three classes.

"If McDonald had sold under his order of sale, we are of opinion that the purchaser at that sale would have had the right to redeem; but because we think the present suit was not necessary in order to protect the plaintiff's rights, his application is refused."

The law as announced in the following quotation from 25 Cyc., 1198, seems well settled:

"Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he can not suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act; if the time for such performance is not definitely fixed, a reasonable time, but that only, will be allowed therefor. The rule that where the right of action depends upon a preliminary step to be taken by plaintiff he can not indefinitely delay the taking thereof, rests upon the principle that plaintiff has it in his power at all times to do the act which fixes his right of action. The reason of the rule ceases, however, when the right of action is not under his control, but depends upon some act to be performed by another, and in this event the cause of action does not accrue and the statute does not begin to run until the performance of the act." See also Palmer v. Palmer, 36 Mich., 493-4; Bauserman v. Blunt, 147 U. S., 657, 37 L. Ed., 320; Williams v. Bergin, 116 Cal., 56; s. c., 47 Pac., 877, and decisions there cited.

From the foregoing it follows that limitation against plaintiff's right to redeem under and by virtue of the fact that he was a junior lienholder, began with the expiration of a reasonable time to foreclose his lien after his debt matured, if such a period for foreclosure terminated prior to the sale by the substitute trustee. The question whether or not plaintiff's delay in having the property sold under the terms of the deed of trust was unreasonable is a question of fact, and from the allegations contained in plaintiff's petition we can not say, as a matter of law, that his delay was unreasonable; hence, Martin's

special exceptions presenting different statutes of limitation as a defense to the suit to redeem, were properly overruled. Martin's pleas of limitation contained no specific allegations of an unreasonable delay in foreclosing the deed of trust, and if the issue of unreasonable delay in foreclosing was raised by those pleas, that issue was not determined by the court, as the deed to the plaintiff executed by the substitute trustee by virtue of the sale under the deed of trust, was excluded.

For the errors discussed above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*