## CAMPBELL CO. v. WATSON. (No. 2421.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 27, 1921.)

**1. Appeal and error ⊜⇒931(5)—General judgment presumed founded on only such evidence as legally authorized it, in absence of findings of fact.**

Where there are no findings of fact in the record and the judgment is a general one for damages, the appellate court must presume that the trial court founded the judgment only on such evidence as legally authorized it.

**2. Sales ⊜⇒92—Acceptance of offer to cancel contract on payment of specified amount insufficient to effect cancellation, in absence of payment.**

Buyer's acceptance of seller's offer to cancel contract on buyer's payment of specified amount, without payment or tender of such amount within a reasonable time, did not effect a cancellation of the contract.

**3. Contracts ⊜⇒212(2)—Agreement to make payment within reasonable time implied where no time is fixed.**

Where no time is fixed in an agreement to pay, an agreement to make payment within a reasonable time is implied.

**4. Sales ⊜⇒92—Tender of amount less than that specified more than a reasonable time after due not sufficient to effect a cancellation.**

Where seller agreed to cancel contract on buyer's payment of specified amount without specifying time for payment, buyer's immediate acceptance of offer and tender of check for less than the specified amount six months thereafter *held* insufficient to effect a cancellation; the tender not being made within a reasonable time, and the amount tendered being less than that specified.

**5. Sales ⊜⇒383—Evidence held to sustain finding as to market value of goods at time of buyer's breach of contract to purchase.**

In seller's action for breach of contract to purchase goods, evidence *held* to sustain finding as to market value of goods at the time of breach of contract.

**6. Sales ⊜⇒384(2)—Measure of damages to seller on buyer's breach stated.**

In seller's action for contract breach, the measure of damages is the difference between the contract price and the market price at the time of the breach.

Appeal from Gregg County Court; W. A. Ray, Special Judge.

Suit by the Campbell Company against H. H. Watson. From judgment giving it insufficient relief, the plaintiff appeals. Affirmed.

The suit is by the appellant for damages arising from the breach of an express contract whereby the appellant, a corporation with domicile in Little Rock, Ark., agreed to sell to the appellee, residing in Longview,

Tex., a certain quantity of prime loose cotton seed hulls. By the terms of the contract the appellant was to make "immediate shipment" of two carloads of the hulls, and to make "shipment or shipments during April, 1919," of 200 tons of hulls. The appellee was to pay $13 per ton f. o. b. cars Texas common points. The contract was made about the 19th day of March, 1919.

The appellee answered by general denial, and specially denied under oath the execution of the alleged written contract, and pleaded a cancellation by agreement of the contract that was entered into; and by cross-action sought to recover $36.38 by reason of alleged shortage in weight of the two cars of hulls shipped to him.

The court entered a judgment for the appellant for $200, and against the appellee on his cross-action.

The evidence conclusively establishes that appellant made, as agreed, the shipment of the "two carloads" of cotton seed hulls, and did not make "shipment during April, 1919," of the "200 tons" of hulls. The failure, though, of appellant to make "shipment during April, 1919," was due, it is shown, solely to the failure of the appellee to give, as he was required by the contract to do, "shipping instructions" to the appellant. The appellant made several seasonable requests of the appellee to furnish the shipping instructions. The appellee failed or neglected to give any shipping instructions during the month of April, and breached the terms of the contract. Appellant then sold the 200 tons of seed in May, 1919, and demanded of the appellee the payment of the difference between the price the hulls sold for and the price agreed to be paid appellant. The appellee did not make the payment demanded, and later the suit was brought.

The evidence fails to establish a cancellation of the contract by agreement of the parties, the appellee having failed to pay or tender payment of the sum of money agreed upon, which was a condition precedent to make the agreement effective. The appellant therefore was entitled to recover of appellee damages by reason of the breach of the contract sued on of March 19, 1919. There is support in the evidence of the court's judgment for the $200 as damages for breach of the contract.

The evidence supports the judgment of the court against the appellee on the claim in his cross-action.

W. D. Swaim, of Little Rock, Ark., and W. C. Hurst, of Longview, for appellant.

Lacy & Bramlette, of Longview, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The third assignment of error is predicated upon the contention that the trial court based his judgment upon the finding of a cancellation of the contract of March 19, 1919, by agreement of the parties for the consideration of $200, as pleaded by appellee. There are no findings of fact by the trial court in the record, and the judgment in the case is a general one in favor of appellant for damages. This court, then, must presume, as is the rule, that the trial court founded the judgment only on such evidence as legally authorized it. In this view it is not believed that the court's judgment can be said to be based on the agreed cancellation of the contract sued on. For the evidence wholly fails, as a matter of law, to support a judgment against appellant upon the ground that there was a cancellation of the contract of March 19, 1919, by agreement of the parties for the sum of $200 payable by the appellee. The evidence shows that on April 19, 1919, the appellant made the proposition to appellee that if appellee would "send us check for $200," then "we will cancel the contract." Appellee at the time had not furnished the appellant any shipping instructions, and appellant was insisting on the shipping instructions being sent into it in order to perform the terms of the contract. The appellee was asking for "a flat cancellation of the contract." On April 30, 1919, the appellee wired appellant, "accept your proposition cancellation April hulls." The evidence is undisputed that appellee did not pay nor tender payment of the $200, and because of such failure the appellant notified the appellee within 10 days thereafter that the proposition of cancellation was no longer open or existing, and then proceeded to sell the hulls, notifying appellee of the result of the sale and asking payment of the difference between the price the hulls sold for and the price agreed to be paid. It does appear that about six months after April 30, on October 22, 1919, the appellee wrote appellant a letter as follows:

"Inclosed find check for $163.62. This is to cover the amount due you, with the exception of the shortage ($36.38) for two cars of hulls shipped to Alba."

[3, 4] Appellant refused the check. As a contract is made by the minds of two parties meeting, it can, as pertains to agreement, only be canceled or rescinded according to the joint will of the two parties. Here the parties have provided the terms on which their contract shall be abrogated, and neither can dispense with them without the consent of the other. The proposition of appellant was: (1) "Send us check for $200," and then, (2) "we will cancel the contract." Appellee assented to these very terms. The offer was conditional upon appellee's first sending his check for $200. No time is fixed in the terms of the offer for payment of the $200,

but manifestly the transaction was intended as an immediate cash transaction. And it is the rule that when no time is fixed in an agreement for pay, the law reads into the agreement that the payment must be made within a reasonable time. Appellee never sent his check until October, about six months afterwards. This was not a reasonable time. And, besides, the check that was sent was for less than the full amount of $200. A tender of a smaller amount than due is ineffective, and appellee cannot successfully claim that there has been full performance on his part within a reasonable time. And a tender cannot be accompanied, as here, by any condition to which the other party has a right to object. Appellant was not bound to accept less than the whole amount specified, and was entitled to have the payment made within a reasonable time under the circumstances, situated as the parties were. As the original contract was not canceled, it continued in force. Therefore the court does not appear to have committed error in the respect urged by the assignment of error, and said assignment of error is overruled.

[5] The fourth assignment of error is a complaint of inadequacy of the amount of damages awarded the appellant. The contention is that the evidence conclusively established the right of appellant to have judgment for $820, the sum sued for, instead of $200 as allowed by the court. It is thought that, as the record appears before us, it cannot be said that there is no evidence to support the court's finding of $200 damages. The testimony of the appellant was that the hulls were sold for a price equivalent to $9.50 per ton if freight was paid to Texas common points, "that this price obtained was the highest market price for the hulls on that date," and "that was the best bid I could get." Appellant further proved that it had to give 25 cents a ton as commission to have the hulls sold, amounting to $50, and that it had to pay $50 storage for the hulls from date of breach of the contract to date of resale. The evidence in behalf of appellee was that the market price of prime loose cotton seed hulls delivered Texas common points was "$12.50 and $13.00 per ton" "from April 30 to May 30, 1919." The trial court had the right to take the evidence, as he seemingly did, in behalf of the appellee, and it fully supports his finding. If the market price of the hulls was "$12.50" per ton, then the difference between that price and the contract price of $13 per ton would amount, on 200 tons, to the sum of $100. The $50 storage, the $50 commission paid, and the $100 difference in prices, make the $200 damages allowed by the court.

[6] The appellant seems to make the point that a sale under the rules of the Interstate Cotton Seed Crushers' Association was conclusive on the appellee. In the absence, as here, of these rules, or pertinent portions of them, we cannot say that appellee was conclusively bound thereby according to a method of resale. The record, as before us, makes the question of damages depend upon the legal rule of market price at time of breach of the contract. This is a question of fact.

We have considered the remaining assignments of error, and think that no reversible error is presented.

The judgment is affirmed.