AUSTIN, Banking Commissioner, v. BLAIR.
(No. 7186.)

Court of Civil Appeals of Texas. Austin.
Jan. 25, 1928.

Rehearing Denied Feb. 15, 1928.

Banks and banking ☞49(4)—Partner sued on bank stockholder's liability cannot set off partnership deposit without assignment from partnership.

Partner sued on liability as bank stockholder, even if it were permissible for him to set off deposit against such liability, cannot set off partnership deposit without assignment of partnership indebtedness against bank to him.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Action by Charles O. Austin, Banking Commissioner, against Jesse S. Blair. From a judgment for defendant, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Jno. W. Goodwin and Jno. W. Brady, both of Austin, and Jas. B. Hubbard, of Belton, for appellant.

A. L. Curtis, of Belton, for appellee.

BAUGH, J. This is a companion case to that of Charles O. Austin, Commissioner, v. H. T. Cochran (Tex. Civ. App.) 2 S.W.(2d) 1015, this day decided. Appellee Blair owned ten shares of stock of the par value of $100 each in the First State Bank of Belton, at the time it was placed in the hands of the banking commissioner for liquidation. In this case, however, appellee, Blair, seeks to offset against the assessment made against him by the banking commissioner his interest in a debt owed by the bank to a partnership of which said Blair was a member. Said partnership of Cochran, Blair & Potts had on deposit in said bank at the time it closed the sum of $594.91, in money, and also held an indebtedness for drafts purchased by the partnership from said bank which had not been paid aggregating $2,221.06, making a total indebtedness of the bank to the partnership of $2,815.97. Blair owned a 37²⁄₁₀ per cent. interest in said partnership. The trial court denied the banking commissioner recovery against appellee, obviously allowing the set-off pleaded by him.

What we have said in the Cochran Case conclusively disposes of this case also. There are, however, additional reasons in this case why the offset should not be allowed as to Blair. No assignment of the partnership indebtedness against the bank from the partnership to Blair is either pleaded or shown by the agreed statement of facts. The general rule, stated in 24 R. C. L. § 74, p. 868, is:

"It is the generally accepted rule that a member of a firm, when sued for his individual debt, cannot set off a claim due from the plaintiff to the firm without the consent of the other partners, because of the lack of mutuality."

34 Cyc. 736, states the rule:

"In an action against one partner for a debt due by him, a debt due to his firm cannot be set off."

Numerous cases are cited in support of this rule including Kirbs v. Provine, 78 Tex. 353, 14 S. W. 849.

To the same effect is Halff v. Waugh (Tex. Civ. App.) 183 S. W. 845, writ of error refused. The identical question here involved was decided by the Idaho Supreme Court in Fralick, Commissioner, v. Bank, 35 Idaho, 749, 208 P. 835, 27 A. L. R. 110. The A. L. R. citation contains extensive notes on the question, some of which hold that under the rule in equity a set-off of claim of a partnership may be allowed in cases where the claimant against an individual partner is insolvent.

We deem it unnecessary to enter upon an extended discussion of this question here, because the conclusion reached in the Cochran Case disposes of this case also, even if appellee, Blair, were fully authorized by the partnership to make such offset. The great weight of authority seems to sustain the holding of the Idaho Supreme Court, however, that a partnership deposit in a bank cannot be set off by the partners individually against their individual debts to the bank, upon the insolvency of the bank.

For the reasons herein stated, and in accordance with the conclusions announced in the companion case of Austin, Commissioner, v. Cochran (Tex. Civ. App.) 2 S.W.(2d) 1015, this day decided, the judgment of the trial court must be reversed, and judgment here rendered in favor of appellant for the amount sued for.

BLAIR, J., not sitting.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes