AUSTIN, Banking Commissioner, v. COCH-RAN. (No. 7187.)

Court of Civil Appeals of Texas. Austin. Jan. 25, 1928.

Rehearing Denied Feb. 15, 1928.

1. **Banks and banking** ⇐49(4)—**Stockholder may not set off deposit in insolvent bank against liability as stockholder (Const. art. 16, § 16; Rev. St. 1925, arts. 455, 535).**

Stockholder in insolvent bank cannot set off deposit therein against liability as stockholder, under Const. art. 16, § 16; Rev. St. 1925, arts. 455, 535.

2. **Banks and banking** ⇐15—**Deposit of bank stockholder is protected by guaranty fund only as to excess over par value of stock (Const. art. 16, § 16; Rev. St. 1925, arts. 446, 455, 535).**

Under Const. art. 16, § 16 (Rev. St. 1925, arts. 455, 535), deposit in insolvent bank of which depositor is stockholder is within protection of guaranty fund, under Rev. St. 1925, art. 446, only as to excess over par value of stock which he holds, and as to amount equal to value of stock he is only general creditor.

3. **Banks and banking** ⇐47(1)—**Assessments collected from insolvent bank's stockholders become trust fund for use and benefit of all corporation's creditors (Const. art. 16, § 16; Rev. St. 1925, arts. 455, 535).**

Under Const. art. 16, § 16 (Rev. St. 1925, arts. 455, 535), fund created by assessments collected by bank commissioner from stockholders of insolvent bank becomes trust fund for use and benefit of all corporation's creditors.

4. **Banks and banking** ⇐47(2)—**Assessment on stockholders of insolvent bank cannot be made until after liquidation of bank has begun (Const. art. 16, § 16; Rev. St. 1925, arts. 455, 535).**

Under Const. art. 16, § 16 (Rev. St. 1925, arts. 455, 535), assessment on stockholders of insolvent bank by banking commissioner cannot be made until after liquidation of bank has begun, and attempted payment thereof or any agreement to pay prior to such time is not binding.

5. **Banks and banking** ⇐15—**Bank depositors' guaranty fund is entitled to reimbursement out of assessments collected from stockholders (Const. art. 16, § 16; Rev. St. 1925, arts. 446, 447, 455, 535).**

Under Const. art. 16, § 16 (Rev. St. 1925, arts. 446, 447, 455, 535, guaranty fund out of which protected depositors are paid becomes creditor of bank and is entitled to reimburse-

ment out of assessments collected from stockholders.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Action by Charles O. Austin, Banking Commissioner, against H. T. Cochran. Judgment for defendant, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

See, also, 2 S.W.(2d) 1017.

Jno. W. Goodwin and J. W. Brady, both of Austin, and Jas. B. Hubbard, of Belton, for appellant.

A. L. Curtis, of Belton, for appellee.

BAUGH, J. Only one question is presented in this appeal; i. e.: Can a stockholder in an insolvent bank, which has been taken over by the state banking commissioner, set off the amount of his deposit in such bank against a 100 per cent. assessment made against him by said commissioner under the Constitution and laws of this state?

The agreed facts involved in our inquiry here are as follows: H. T. Cochran owned 10 shares of stock, of the par value of $100 each, in the First State Bank of Belton, a banking corporation with a capital stock of $25,000, operating under the state Guaranty Fund Law. On January 7, 1927, said bank being then insolvent, its board of directors closed its doors and turned it over to the state banking commissioner for liquidation. Thereafter, on January 11, 1927, under the provisions of article 16, § 16, of the Constitution of Texas, and articles 455 and 535, R. S. 1925, said commissioner levied an assessment against each stockholder in said bank of an amount equal to the par value of his stock. Upon Cochran's refusal to pay same, this suit was brought by the banking commissioner to enforce payment thereof. Cochran defended on the ground that at the time said bank was closed for liquidation he had on deposit therein the sum of $1,233.40, none of which had ever been paid to him, and that under the provisions of article 455, R. S. 1925, he was entitled to set off his deposit over against the commissioner's assessment against him. The case was tried to the court without a jury and judgment rendered in favor of Cochran, from which the banking commissioner has appealed.

[1] Article 455, R. S. 1925, reads as follows:

"The commissioner may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders. Stockholders who are depositors of an insolvent bank shall be protected by the provisions of this chapter only to that portion of their deposits over and above the liability as stockholders under the law."

[2-4] Appellee contends that this article, by necessary implication, authorizes and pro-

vides for just such set-off as is asserted by him in this case. We do not so construe it. Two classes of deposits are recognized and provided for under the Guaranty Fund Law: 1. Protected deposits, i. e., unsecured, non-interest-bearing deposits (article 446, R. S. 1925) ; and (2) deposits not protected (article 447), i. e., secured deposits, interest-bearing deposits, public funds, etc. But for the provisions of article 455 all of appellee's deposit of $1,233.40 would have been protected by, and payable out of, the guaranty fund. Said article, however, limits the stockholder's protection under that fund to the excess of his deposit over the amount of his capital stock, and in effect· places an amount equaling the par value of said stock in the unprotected deposits. The relation of debtor and creditor between him and the bank is unchanged, but as to a part only of his deposit he is protected and entitled to participate in the guaranty fund. As to the other portion, $1,000, or the amount of the par value of his stock, he becomes a general creditor of the bank and must be treated as such. And as such creditor he is not entitled to set off the bank's debt to him against his liability as a stockholder. This liability is fixed by the Constitution itself (article 16, § 16), and makes the stockholder "personally liable for *all* debts of such corporate body." (Italics ours.) And the fund created from assessments collected by the commissioner pursuant thereto becomes a trust fund for the use and benefit of *all* creditors of the corporation. McWhirter v. First State Bank (Tex. Civ. App.) 182 S. W. 682, writ 'of error refused; Austin v. Fleming (Tex. Civ. App.) 290 S. W. 839. Such assessment by the banking commissioner cannot be made until after the liquidation of the bank has begun, and any attempted payment thereof, or any agreement to pay, made prior to the time such assessment is made is not binding. Chapman v. Hopper (Tex. Civ. App.) 261 S. W. 166; Austin v. Fleming, supra, and authorities therein cited.

[5] It is also now settled that the guaranty fund itself, out of which the protected depositors are paid, becomes a creditor of the bank and entitled to reimbursement out of the assessments collected from the stockholders. Knollenberg v. Chapman (Tex. Civ. App.) 258 S. W. 547, writ of error refused.

Having thus become a general creditor, or unprotected depositor, to the extent of $1,000 of his deposit, Cochran was not, we think, entitled to any preference over other creditors. Such would. be the effect of permitting him to offset the bank's debt to him against the commissioner's assessment. The general rule is that no such set-off is permitted. 7 C. J. 517, and authorities there cited; 3 R. C. L. 409. This rule is also followed in the federal courts. Williams v. Rose (D. C.) 218 F. 901; Wingate v. Orchard (C. C. A.) 75 F. 241. The reason for such rule is very

clearly stated by the Circuit Court of Appeals in the case last cited as follows :

"The fund thus provided for, in the event of the liquidation and winding up of the affairs of the bank, equal in amount to the face value of the stock, and imposed for the express purpose of making good the contracts, debts, and engagements of the association, is manifestly a trust fund, to a pro rata share of which all creditors are equally and equitably entitled. Obviously, to permit a·holder of stock in such a bank to offset against an assessment for the additional liability thus imposed upon him as such holder the amount of his deposits in the bank, in respect to which he is no more entitled than any other creditor, would be, in effect, to make him a preferred creditor. If the amount of his deposits should equal the par value of his stock, the allowance of such an offset would be, in effect, to pay him in full the amount of his deposits; and, if his deposits are less than the par value of his stock, the effect would be to pay him in full, to that extent, whereas the other depositors may receive little or nothing. Such was not the intention of Congress in imposing, as ·it did, by section 5151 of the Revised Statutes, upon the shareholders of every national banking association, in addition to the amount invested in such shares, a liability for all contracts, debts, and engagements .of such association to the extent of the amount· of their stock therein, at the par value thereof. On the contrary, the purpose was, as has been said, to provide a fund to which all creditors should be entitled to look upon equal terms, and in which, in the event of disaster, all creditors, without preference to any, should be entitled to share pro rata."

It is true that in national banks no guaranty fund exists, but in the instant case the state guaranty fund in no sense affects the appellee's asserted right of set-off. The acts of our Legislature as originally passed, vesting in the banking commissioner power to enforce against stockholders the liability fixed by the Constitution and by our statutes, were copied largely from the National Banking Act, and the construction placed on that act by the United States Supreme Court was adopted as a part of the state law. Collier v. Smith (Tex. Civ. App.) 169 S. W. 1111; Houston, etc., Bank v. Chapman (Tex. Civ. App.) 263 S. W. 933 (writ of error refused), and authorities there cited; . Pool v. Chapman (Tex. Civ. App.) 271 S. W. 428. We have not found any case where the United States Supreme Court has passed directly upon the question here involved, but inferior federal courts have, as above noted, and in accord with the general rule in other states.

We have concluded, therefore, that Cochran's deposit made .him only .a general creditor of the bank to the extent of the par value of his stock, and that he should be required to pay to the banking commissioner the full amount of the assessment against him for the use and benefit of all general creditors alike, and share with them whatever loss may accrue, if any, from the failure of the

assets of such bank, including assessments, to pay all its liabilities.

The judgment of the trial court is reversed, and judgment here rendered in favor of appellant against appellee for the full amount of the assessment made.

Reversed and rendered.

BLAIR, J., not sitting.