### DENNIS et al. v. SMITH et al.
### No. 1210.

Court of Civil Appeals of Texas. Waco.
April 14, 1932.

Rehearing Denied May 19, 1932.

R. D. Evans and Poage & Neff, all of Waco, for plaintiffs in error.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for defendants in error.

ALEXANDER, J.

The Farmers' Improvement Bank became insolvent and a receiver was appointed to take charge of its assets. The receiver was ordered to offset all accounts due the bank against any deposits therein by the same parties. At the time the bank closed, W. L. Dennis and E. G. Boykin were each individually indebted to the bank. Dennis & Boykin Undertaking Company, a corporation, of which W. L. Dennis and E. G. Boykin were stockholders, had funds on deposit in the bank. This action was brought by Dennis and Boykin to compel the receiver to charge off the amounts due by them to the bank against the funds on deposit in the bank in the name of the undertaking company. The trial court refused the application, and Dennis and Boykin appealed.

It is generally recognized that a receiver of a defunct concern acquires only the rights previously possessed by such concern and takes the property subject to existing equities; and choses in action pass to him subject to any equitable right of set-off then existing and available against the insolvent. A depositor who has funds in a defunct bank has the right to offset the same against any sums that he may owe the bank and is only required to pay the balance after making such set-off. However, in order to authorize such set-off, the demands must ordinarily be mutual and subsisting between the same parties and must be due to and from the same persons in the same capacity. 53 C. J. 103, 104; 7 C. J. 742, 745. It is held that upon the insolvency of a bank, a partnership deposit therein cannot be set off against the individual liability of the partners to the bank. Austin v. Blair (Tex. Civ. App.) 2 S.W.(2d) 1017 (writ ref.). See, also, Shaw v. Centerfield Oil Co. (Tex. Civ. App.) 10 S.W.(2d) 144, par. 6; Hilliard v. Johnson (Tex. Civ. App.) 28 S. W. 100; Greathouse v. Greathouse, 60 Tex. 597; Poindexter v. Hicks (Tex. Civ. App.) 260 S. W. 206; 24 R. C. L. 869. For a better reason, it would seem, funds on deposit in an insolvent bank and belonging to a corporation cannot be used to offset the liability of the individual stockholders to the bank. The corporation is a distinct person in law from each of its stockholders. In this case Dennis and Boykin were not the only stockholders of the corporation. I. P. Anderson was a shareholder therein. Certainly there was no mutuality of parties. Moreover, a corporation's assets are to be used primarily to enable it to carry on the business for which it is incorporated and to discharge its obligations to its own creditors. If one stockholder is entitled to use any part of the assets of the corporation to discharge his individual obligations, others must be held to enjoy the same privilege; and if the principle be carried far enough, one or more stockholders, without the consent of the others, can thus divert the assets of the corporation to a use not intended by its charter and destroy its power to discharge the purposes for which it was created. We conclude that the accounts due to the bank were not owing by the same persons who had funds on deposit therein, and the trial court properly refused to offset the one against the other.

The judgment of the trial court is affirmed.