**SHAW, Banking Com'r, v. ALEXANDER.**

**No. 1148.**

Court of Civil Appeals of Texas. Eastland.

Sept. 22, 1933.

Rehearing Denied Oct. 20, 1933.

M. F. Billingsley, of Munday, for appellant.

J. S. Kendall, of Munday, for appellee.

HICKMAN, Chief Justice.

This suit was instituted by James Shaw in his official capacity as banking commissioner against the appellee, Mrs. Effie Alexander, upon a promissory note payable to the order of First State Bank of Munday, Tex., which bank was at the institution of this suit in the hands of appellant for liquidation. The appellee's answer, following her general denial, was as follows: "Further answering herein this defendant says that heretofore to-wit on or about the 29th day of September 1931 this defendant together with Mrs. Nannie B. Smith were operating a commercial and trading business in the City of Munday in Knox County, Texas under the name of Hat Shop and had complied with the assumed name laws of the State of Texas by registering such firm name in Knox County, Texas. That the note sued upon by plaintiff herein was made for indebtedness of said business and the First State Bank of Munday, Texas the payee in said note had knowledge that said note was made for the accommodation and benefit of said Hat Shop. That at the time of closing of said First State Bank of Munday, Texas and placing same in hands of Banking Commissioner said Hat Shop had on deposit in said Bank funds and money to the amount of $175.55 which should have been applied to the satisfaction of the note sued upon herein. That by reason of said deposit and the taking of same the Plaintiff became liable to this defendant and said Hat Shop in said sum of $175.55. That although this defendant and said Hat Shop were and are entitled to credit against the note sued upon herein for said sum of $175.55 plaintiff has wholly failed to pay same or to allow same as credit on the note sued on herein to the damage of this defendant in said sum."

The case was submitted to the jury on special issues as follows:

"Special Issue No. 1: Was the note introduced in evidence, given in renewal and extension of a prior note executed by Mrs. Effie Alexander personally.

"Special Issue No. 2: At what date did Mrs. Effie Alexander cease to operate the Hat Shop individually, and form a partnership with Mrs. Nannie B. Smith.

"Special Issue No. 3: What amount of the original note was due at this date.

"Special Issue No. 4: Was any part of the proceeds of the original note used for any purpose other than the conducting of the business of the hat shop."

To which special issues the jury returned the following answers:

"Answer Special issue No. 1: Yes.

"Answer Special issue No. 2: February 20, 1930.

"Answer Special issue No. 3: $329.60.

"Answer Special issue No. 4: No."

Why these issues were submitted to the jury does not appear, for there was no conflict in the testimony, and no disputed issues of fact were in the case. Judgment was rendered against appellee on the note, but offsetting same by the amount on deposit in the bank in the partnership known as the Hat Shop. The appeal of James Shaw, banking commissioner, brings into question the correctness of the judgment in allowing the offset.

The undisputed facts are that the original note, of which the note in this suit was a renewal, was executed by appellee to the bank several years ago. It was her individual obligation, and the loan produced at the time it was executed was for the purpose of purchasing stock for a business of which she was the sole owner and proprietor, and which was known as the Hat Shop. Later appellee formed a partnership with Mrs. Nannie B. Smith, who became a part owner of the Hat Shop. There is no evidence in the record as to the terms of the agreement between appellee and Mrs. Smith, and no showing that Mrs. Smith assumed to pay all or any portion of the personal indebtedness of appellee when the partnership was formed. After Mrs. Smith became interested in the business of the Hat Shop as a partner, the note in suit was executed by appellee in her individual name as a renewal of her original indebtedness. Prior to the formation of the partnership, Mrs. Alexander's account in the bank was in her individual name. After the partnership was formed, an account was opened in the name of the Hat Shop, and thereafter $100 of that account was applied upon Mrs. Alexander's note. Briefly, the situation presented to the trial court was this: Mrs. Alexander individually was indebted to the bank upon a note, and a partnership of which she was a member had a deposit in the bank at the time it closed for liquidation.

It is well settled that, because of the lack of mutuality, a partner will not be allowed to offset a note owing by him to a bank by a deposit of the partnership in the bank. Austin v. Blair (Tex. Civ. App.) 2 S.W.(2d) 1017; Shaw v. Centerfield Oil Co. (Tex. Civ. App.) 10 S.W.(2d) 144; First State Bank of Denton v. Vestal & Naugle (Tex. Civ. App.) 48 S.W.(2d) 706; Dennis et al. v. Smith et al. (Tex. Civ. App.) 49 S. W.(2d) 909.

Appellee concedes this to be the rule of law, but contends that it has no application in a case where the payee has knowledge that the note was made for accommodation. The contention, we think, is based upon an in-

correct premise. Our Negotiable Instrument Act, section 29, article 5933, R. S. 1925, defines an accommodation party as follows: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person." Under this definition and all the authorities the appellee was not an accommodation maker of the original note or the renewal upon which this suit was based. Judgment should have run in favor of appellant as prayed for, and appellee's right of offset should have been denied.

Judgment below was for the excess of the amount owing on the note above the amount of the partnership deposit. That judgment will be reformed so as to disallow any offset and award appellant judgment for the principal, interest, and attorney's fees on the note, and, as so reformed, will be affirmed.