**CRUSE v. SHAW et al.**

No. 2881.

Court of Civil Appeals of Texas. Beaumont.

April 2, 1936.

Rehearing Denied April 22, 1936.

Lowe & Hightower, of Woodville, Barnes & Barnes and E. M. Chester, all of Beaumont, and V. A. Collins, of Livingston, for appellant.

M. E. Sandlin and Smith & Mooney, all of Woodville, for appellees.

COMBS, Justice.

This is a suit by Jas. Shaw, state banking commissioner, and D. G. Mann, receiver of the Guaranty State Bank of Woodville, Tex., to recover a $1,000 stock assessment levied against the appellant as a stockholder in the bank, which is insolvent. The only question to be determined is whether or not this action was barred by limitation.

Appellant, Cruse, was one of the stockholders of the Guaranty State Bank of Woodville. The bank ceased to do banking business by order of its board of directors on April 30, 1927. It was insolvent at that time and had been for some time previous. By contract of that date it assigned to the Citizens State Bank of Woodville all of its properties and assets, except certain notes which were considered of doubtful value, and the Citizens State Bank agreed to pay all of the depositors and outstanding cashier's checks of the Guaranty Bank, aggregating the sum of $94,949.04. The assets transferred to and accepted by the Citizens State Bank, as valued by the agreement, lacked $8,500 of being sufficient to meet the liabilities assumed by the Citizens State Bank, and to make up the difference the Guaranty Bank executed its note in the sum of $8,500, payable to the Citizens

State Bank October 25, 1927. All the notes of the Guaranty Bank, which had not been transferred to the Citizens Bank, and also a $5,000 accommodation note which was not a part of the assets of the Guaranty Bank were put up as collateral, the Citizens Bank agreeing to credit on the note whatever sums it succeeded in realizing out of the collateral. The contract of assignment was submitted to and approved by the state banking commissioner. He did not close the Guaranty Bank or take charge of it for purposes of liquidation. As above mentioned, it did cease doing banking business as of the time of the assignment. Its charter, however, was not surrendered. Its only indebtedness after the assignment was the $8,500 note which it gave the Citizens State Bank. By collections on collateral, that note was subsequently reduced to about $6,000. Then suit was filed by the Citizens Bank against the Guaranty Bank for the balance due on the note and same was reduced to judgment.

Thereafter, on May 13, 1932, a quo warranto proceeding was instituted in the district court of Tyler county by the Attorney General, acting for the state of Texas, against the Guaranty State Bank, alleging its insolvency and the existence of the unsatisfied judgment of the Guaranty State Bank, and on July 1, 1932, after due hearing, the court appointed D. G. Mann receiver, with authority to take charge and wind up its affairs. On September 30, 1932, the banking commissioner levied a 100 per cent. assessment against all stockholders and gave notice of such assessment to each stockholder. Appellant declining to pay the assessment, this suit was filed January 9, 1933.

On a trial to the court without a jury the trial court overruled appellant's plea of limitation and entered judgment against him for the full amount of the assessment.

■ It is apparent that the controlling question here is, When did limitation begin to run? Appellees concede that the statute of two-year limitation (Rev.St.1925, art. 5526) applies to causes of action for the enforcement of a stockholder's liability. See Shaw v. Bush (Tex.Civ.App.) 61 S.W.(2d) 526 (writ refused), and cases cited. If, as contended by appellant, the cause of action arose on April 30, 1927, when the bank, because of its insolvency, ceased to do business and entered into the contract with the Citizens State Bank, then the claim was barred by limitation. But if, as contended by appellees, limitation began to run when the banking commissioner levied the assessment on September 30, 1932, then it was not barred.

It is our conclusion that limitation did not begin to run until the banking commissioner made the levy. Shaw et al. v. Bush (Tex.Civ.App.) 61 S.W.(2d) 526 (writ refused), and authorities cited; Harris v. Briggs (C.C.A.) 264 F. 726.

Appellant earnestly insists that when the bank became insolvent in 1927 and that fact became known to the banking commissioner, it was his duty to immediately take charge of the bank and levy stock assessments against its stockholders, and that such duty was mandatory. Upon that premise it is urged that the banking commissioner had no right or discretion to delay the necessary steps to enforce the stockholders' liability; that if he could delay the making of the assessment for four years he might, upon the same reasoning, have delayed it for forty years; that statutes of limitation are statutes of repose, and have the effect of inhibiting the banking commissioner from keeping stockholders' liabilities thus suspended over them indefinitely by refraining from performing his duty to levy the assessment.

We are unable to agree with appellant's contention. Appellant seeks to invoke the rule that where a plaintiff's cause of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot indefinitely suspend the running of the statute of limitations by delaying the performance of the preliminary act. Citing 37 C.J. p. 953; Texas Bitulithic Co. v. Henry (Tex.Civ.App.) 197 S.W. 221; Smith v. Wise County (Tex.Civ. App.) 187 S.W. 705; Gamble v. Martin, 60 Tex.Civ.App. 517, 129 S.W. 386.

■ Without attempting any discussion of the scope and the general application of such rule, we think it clear that it can have no application in this case. Obviously, appellant's contention is based upon the erroneous assumption that the banking commissioner had no discretion, but rested under the mandatory duty of taking charge of the Guaranty Bank when it ceased business because of insolvency in 1927, and that, as a matter of law, his delay in levy-

ing the assessment was unreasonable. Revised Statutes of 1925, art. 455, as amended by Acts 1927, c. 205, § 1 (Vernon's Ann.Civ.St. art. 455), with reference to the enforcement of stockholders' liability, provides: "The Commissioner may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders." The provisions of the banking law relating to the liquidation of insolvent banks clothe the banking commissioner with a rather broad discretion in handling the affairs of an insolvent bank. Thus it has been held that the banking commissioner's judgment as to the question of insolvency, and of the necessity of the levy of the stockholders' assessment are conclusive. Brooks v. Austin (Tex.Civ.App.) 206 S.W. 723 (writ refused); Houston Nat. Exch. Bank v. Chapman (Tex.Civ.App.) 263 S.W. 929 (writ refused); Fellows v. Shaw (Tex.Civ.App.) 66 S.W.(2d) 741 (writ refused). His judgment is also conclusive as to the amount of assessment and the time of payment. Houston Nat. Exch. Bank v. Chapman, supra; Markus v. Austin (Tex.Civ.App.) 284 S.W. 326; Chapman v. Denton (Tex. Civ.App.) 268 S.W. 252. It devolves upon him to determine when it is necessary to enforce the individual liability of the stockholders and the amount that each shall pay, Austin v. Campbell (Tex.Civ.App.) 210 S.W. 277 (writ refused).

 Under the facts of this case, we certainly cannot say that the banking commissioner rested under the mandatory duty of taking charge of the Guaranty Bank when it ceased business in 1927 and that, as a matter of law, his delay in levying the assessment was unreasonable. The fact is that he did not take charge of the bank for purposes of liquidation and the levy of the assessment could not be made until liquidation of the bank began. Chapman v. Hopper (Tex.Civ.App.) 261 S.W. 166; Austin v. Cochran (Tex.Civ.App.) 2 S.W.(2d) 1015 (writ refused). The bank had the absolute statutory right to place its affairs and assets under the control of the banking commissioner for purposes of liquidation in 1927 or at any time thereafter if the stockholders had desired it. Vernon's Ann.Civ.St. art. 450. It is apparent that the stockholders sought by the contract with the Citizens State Bank of Woodville to pay off the indebtedness of the Guaranty Bank without recourse to a stockholders' assessment. We think the appellant is in no position to object that the banking commissioner gave him, and other stockholders, an opportunity to discharge the bank's obligations in that manner.

Finding no error, the judgment of the trial court is in all things affirmed.