## POWELL v. HAMILTON.
### No. 2685.

Court of Civil Appeals of Texas. Waco.
Sept. 19, 1946.

Rehearing Denied Nov. 27, 1946.

John B. McNamara, of Waco, for appellant.

F. R. Valentine and J. A. Kibler, both of Waco, for appellee.

LESTER, Chief Justice.

This suit was instituted by appellee, Tom M. Hamilton, against John Rush Powell as Independent Executor of the Estate of R. D. Powell, deceased, to recover judgment for the sum of $500 and interest as an attorney's fee for services rendered by appellee to said R. D. Powell upon an oral contract with the said Powell. Appellee alleged that Powell's wife died, leaving a will in which she devised several pieces of property to persons other than he, the said R. D. Powell; that Powell desired said

property and employed appellee to secure it for him, agreeing to pay him $500 for his services when the title to the same was placed in his name and as soon as he could sell some of said property or procure a loan on it. Appellant pleaded the two years statute of limitation and a general denial.

The case was tried before the court without the intervention of a jury. Upon the conclusion of the trial the court rendered judgment for appellee for the sum of $500, with interest at the rate of six per cent per annum from January 1, 1941. The court also, upon request of appellant, filed findings of fact and conclusions of law, in which the court found: "that appellee was employed by R. D. Powell to recover certain property and agreed to pay appellee for his services the sum of $500.00, same to be paid at a future date after the recovery of such property at a time when said property, or any part thereof, was either sold or a loan procured thereon; that appellee complied with his contract of employment; that R. D. Powell died on the 11th day of April, 1939, and he had not prior to his death sold or procured a loan on any of said property or paid appellee any part of his fee; that R. D. Powell left a will which was admitted to probate in McLennan County, Texas, and in which he named his brother, John Rush Powell, independent executor, and his brother qualified as such and is now acting as independent executor of said estate; that after his qualifying as executor he did, on June 11, 1940, sell part of the property recovered by appellee for the sum of $1000.00; that the contingency upon which payment of said attorney's fee was based occurred on the 11th day of June, 1940, and that said debt became due on that date. Appellee filed suit on July 11, 1940."

The evidence shows that John Rush Powell qualified as executor of this estate on the 6th day of May, 1939. In this court appellant relies solely on his plea of the two years statute of limitation and seeks to have this cause reversed and rendered on that ground.

■■ In such contracts as this, where no specific time is fixed in which the same is to be performed, the law allows a reasonable time. The greater weight of authorities hold that a reasonable time is a question of fact, or a question of law and fact. 17 C.J.S., Contracts § 503f, p. 1067, says: "What is a reasonable time for performance of a contract which fixes no time depends upon the nature of the contract and the particular circumstances, taking into consideration the difficulties attending it and the diligence used." The case of Hart v. Bullion, 48 Tex. 278, supports the above rule on page 289, wherein it holds: "The contract, as has been previously stated, does not, in terms, fix the time within which Bullion and wife were to make or cause titles to be made to the lands to be conveyed appellant. In the absence of such stipulation, the law allows them a reasonable time to do so. What is a reasonable time depends undoubtedly upon the nature and character of the thing to be done, the circumstances of the particular case, and the difficulties surrounding and attending its accomplishment. As an abstract question, what is a reasonable time for performance may be one of law; but unless the facts upon which its determination depends are admitted, its determination involves a mixed question of law and fact, and must be determined by the jury."

In the case of Cheek et al. v. Metzer, by the Commission of Appeals, and adopted by the Supreme Court, reported in 116 Tex. 356, 291 S.W. 860, points 4–7, page 863, the court held as follows: "What is a reasonable time is a question of fact which must be determined by the circumstances in evidence surrounding the situation of the parties and the subject-matter under which the contract was executed." Tex.Jur., Vol. 10, p. 415, holds that reasonable time is a question of fact for the jury, unless it depends upon construction of a contract in writing or upon facts which were admitted or undisputed. See also Bush v. Merrill, Tex.Com.App., 206 S.W. 834; English v. Underwood, Tex.Civ.App., 5 S.W.2d 1033.

■ Believing, as we do, that the question as to a reasonable time involved in this contract was a question of fact, we cannot say as a matter of law that the reasonable time that the law gave Powell to sell or procure a loan on said property had

expired more than two years prior to the filing of this suit. Appellant relying upon the two years statute of limitation, it was incumbent upon him to prove every fact necessary to sustain the same. In Hooks v. Martin, Tex.Civ.App., 229 S.W. 592, it is held that: "In an action against administrator on rejected claim, claimant was not required to prove that [his] claim was not barred by limitations, but burden of pleading and proving the claim was barred was on the administrator."

In the case of Texas Gauze Mills v. Goatley, Tex.Civ.App., 119 S.W.2d 887, 888, a similar question was involved. In that case the petition alleged, in substance: "That J. B. Andrews & Company agreed to audit appellant's books and to make a financial statement and application for a loan for appellant; that the audit and services were completed about August 22, 1934, for which appellant agreed to pay $350; that it was agreed that appellant would have a reasonable time after the audit and application for loan were made in which to pay therefor; and that the period from August 22, 1934, to January 1, 1935, was a reasonable time in which to pay for the audit and services. Appellee further alleged that after the loan was rejected on November 15, 1934, appellant again employed J. B. Andrews & Company to audit its business covering the period from about July 22, 1934, the end of the first audit, to on or about December 31, 1934; this contract being made about January 15, 1935, and was completed January 20, 1935, and was made for the purpose of further aiding the application of appellant for a loan; and for this audit and service appellee sued for $100, the agreed price of the audit and service."

Appellant filed a plea of limitation to part of the claim, and in passing upon the question the court said: "Appellee having alleged a contract by virtue of which appellant was to have a reasonable time to pay for the audit, and having alleged that January 1, 1935, was a reasonable time,

and the petition having been filed November 12, 1936, less than two years after the expiration of the reasonable time alleged, it cannot be said as a matter of law that such period was more than a reasonable time in which to pay for the services rendered. The petition was therefore not subject to a special exception as showing that the first item for which appellee sued was as a matter of law barred by limitation. * * * Whether the time allowed to pay for the audit was reasonable was a question of fact, and a contract providing for its performance within a reasonable time is valid and definite. * * * In such situation it was incumbent upon appellant to allege and prove that the reasonable time which it had under the contract to pay for said services rendered up to August 22, 1934, had expired prior to November 12, 1934; and that appellee's cause of action accrued prior to November 12, 1934. At most, appellant's plea of limitation presented only a question of fact with the burden of proof resting upon appellant."

Appellant did not introduce any testimony to show the circumstances that existed during the time, in order to prove that a reasonable time had expired more than two years prior to the time appellee filed his suit, but relied upon the lapse of time as a matter of law to establish his plea of limitation.

Appellee filed a cross assignment of error and says the trial court erred in not allowing him six per cent interest per annum from January 1, 1936. There was no agreement between appellee and R. D. Powell as to the payment of any interest and the court found that appellee's claim did not become due until June 11, 1940. Therefore the court was not authorized, under the law, to allow appellee six per cent interest from January 1, 1936, and the foregoing assignment is in all things overruled.

The judgment of the trial court is therefore affirmed.