**H. L. HANSEN et al., Appellants,**

v.

**HIDALGO AND CAMERON COUNTIES WATER CONTROL AND IMPROVEMENT DISTRICT NUMBER NINE,** Appellee.

No. 13412.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 24, 1958.

Rehearing Denied Jan. 21, 1959.

Miller Armstrong, Weslaco, Kelley, Looney, McLean & Littleton, Edinburg, for appellants.

J. D. Vollmer, Mercedes, for appellee.

POPE, Justice.

■ Hidalgo and Cameron Counties Water Control and Improvement District Number Nine sued and recovered a judgment for debt against H. L. Hansen and Harold Hansen in the amount of $765.04. Hansens pleaded that the debt was barred by the two-year statute of limitations, Vernon's Ann.Civ.St. art. 5526, but the trial court held that the contract between the parties was in writing and that it was subject to the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5527. The trial court also held that, in any event, the suit was brought within two years.

■ Plaintiff is a municipal corporation. It constructed an irrigation canal to service the Hansens' property and claimed Hansens agreed to pay part of the cost. The argument that the suit was grounded upon a written contract is that the Water District reduced its agreement to writing by recording it in the official minutes. Water District is required to keep true and full accounts of its meetings and to preserve its minutes, contracts, and records. Article 7880–44, Vernon's Ann.Civ.Stats. A resolution recorded in the corporate minutes, if intended as a completion of a contract, may serve as sufficient memorandum in writing to satisfy the statute of limitations. Texas Western Ry. Co. v. Gentry, 69 Tex. 625, 8 S.W. 98; Kerby v. Collin County, Tex.

Civ.App., 212 S.W.2d 494, 3 A.L.R.2d 804. The minutes relied upon were for a meeting on December 2, 1955, and they provide:

"Messrs. H. L. Hansen and Harold Hansen, together with their attorney, Mr. Garland Smith of Weslaco, Texas, again appeared before the Board with reference to construction of irrigation facilities to serve Lots 5 and 12, Block 8, Capisallo Subdivision, when and whereupon the Board of Directors referred to the alternative propositions which had been made to the Hansens under date of September 2, 1955, and now of record in the minutes of the Board of Directors in Volume 7 at Page 270 to which reference is here made and after a lengthy discussion it was moved by Gordon H. Potts, seconded by Jay Dudley, and unanimously carried, that the proposition as submitted to the Hansens and as shown by the above mentioned minutes be amended and that the following proposition be submitted to the Hansens with reference to the construction of irrigation facilities to serve said tracts, to-wit:

"That the District will stand the cost of doing the earth work preparatory to the construction of a concrete lined canal along the West side of Lot 12 of Block 8 to the Northwest corner thereof, which shall serve as the point of delivery for the two lots owned by the Hansens, to-wit: Lots 5 and 12, and that the additional cost of concrete lining said canal will be distributed equally between the District on the one part and the Hansens on the other part, such work to be done by an independent contractor and that the General Manager be and he is hereby authorized to proceed with the matter to its final conclusion."

The minutes of the December 2, 1955, meeting do not reflect a contract. They recite that several propositions had been previously considered, and then recorded

that "the following proposition be submitted * * *." The minutes show that there was authorization to make a proposition. That means that there was power to make an offer. Black's Law Dictionary, 3d Ed., 1449. The minutes stated that the proposition "be submitted." This is the future tense and does not record a completed act. The minutes prove that there was power to contract but do not show that a contract was made. The four-year statute would not apply, as there was no completed written contract. Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249.

 There was proof, however, of an oral contract between the District and Hansens. One of the defendants testified that they agreed to pay one-half of the cost of the concrete work on the irrigation canal. There was other evidence of this fact. The construction work on the canal commenced during December, 1955, and was completed, according to the findings of fact, on December 26, 1955. The District then erected a bridge across the canal and completed it on January 6 or 7, 1956, and submitted to the Hansens a bill for one-half of the concrete work on January 7th. That demand was the first information that Hansens had concerning the amount they owed under the oral agreement. This suit was filed on January 4, 1958.

The trial court found as a fact that demand was made within a reasonable time after the completion of the work and concluded that suit was filed within two years from the time of the demand. Until the work was completed, there was no way to know the precise amount of the costs, and until the District submitted that amount to the Hansens, there was no way for Hansens to know how much they owed. Hence, this was a suit in which a demand to pay a certain sum was a necessary part of plaintiff's cause of action. Parks v. Hines, Tex.Civ.App., 68 S.W.2d 364, affirmed 128 Tex. 289, 96 S.W.2d 970; North Texas Loan & Trust Co. v. City of Denison, Tex.Civ.App., 58 S.W.2d

858; Cavitt v. Amsler, Tex.Civ.App., 242 S.W. 246; 28 Tex.Jur., Limitation of Actions, § 57; 34 Am.Jur., Limitations of Actions, § 138; 54 C.J.S. Limitations of Actions § 125(b).

As found by the trial court, demand was made within a reasonable time after completion of the work. Powell v. Hamilton, Tex.Civ.App., 197 S.W.2d 540; Campbell Co. v. Watson, Tex.Civ.App., 234 S.W. 929; Gamble v. Martin, 60 Tex.Civ.App. 517, 129 S.W. 386. Since the demand was made on January 7, 1956, and suit was filed on January 4, 1958, the suit was not barred by the two-year limitations statute.

The judgment is affirmed.