DAY et al. v. COOPER.  (No. 1439.)

(Court of Civil Appeals of Texas. Texarkana. March 18, 1915.)

BILLS AND NOTES &474.— PLEADING — ANSWER.

Where, in an action on a note, the only defense was a general denial, and the petition stated all the facts essential to a recovery, and the note was put in evidence, judgment was properly rendered for plaintiff, as the facts pleaded were admitted, because not put in issue, as required by Acts 1913, c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, §§ 1827, 1828, 1829, 1902, 1829a, 1829b).

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1508–1513; Dec. Dig. & 474.]

Appeal from Shelby County Court; E. W. Hooker, Judge.

Action by M. D. ·Cooper against A. E. Day

and O. M. Gibbs. From a judgment for plaintiff, defendants appeal. Affirmed.

D. M. Short & Sons, of Center, for appellants. Zed Bridges, of Center, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee against the appellants, rendered in a suit on a promissory note, for the sum of $218.66, together with interest and attorney's fees. The only defense urged by the appellants in the court below was a general denial. The only assignments of error presented in this court are those which question the sufficiency of the evidence to support the judgment for the amount of the note and the attorney's fees.

The original petition of the appellee was in the usual form of suits of this character, and stated all the facts essential to the recovery awarded. The answer filed by the appellants did not put those facts in issue under the statute as now amended. See Acts 1913, p. 256 (Vernon's Sayles' Ann. Civ. St. 1914, §§ 1827, 1828, 1829, 1902, 1829a, 1829b). Those facts were therefore before the court as admittedly true. The note itself, with all of its contents, was offered in evidence and considered by the court. There was nothing left for the jury to do but to return a verdict for the amount sued for.

The judgment is therefore affirmed.