**TARRANT SAVINGS ASSOCIATION,**
a Corporation, Petitioner,

v.

**LUCKY HOMES, INC., et al., Respondents.**

No. A–10262.

Supreme Court of Texas.

April 14, 1965.

Rehearing Denied May 14, 1964.

by introducing its note from respondents in the amount of $2,500. Day v. Cooper, 175 S.W. 485, Tex.Civ.App., no writ hist.; Citizens' Garage Co. v. Wilson, 252 S.W. 186, Tex.Civ.App., no writ hist. See Lewin v. Houston, 8 Tex. 94, and Page v. Carson, 16 S.W. 1036 (Tex.Comm.App.). A credit of $1,200 was allowed as a result of the sale of certain property which had been mortgaged to secure petitioner in its note. Once petitioner's case had been made out the burden shifted to the respondents, defendants in the trial court, to show some reason for denying recovery to petitioner. Citizens' Garage Co. v. Wilson, supra; Brenard Mfg. Co. v. Barnett, 210 S.W. 990, Tex. Civ.App., no writ hist. See Newton v. Newton, 77 Tex. 508, 14 S.W. 157, and Reed v. Buck (Tex.Sup.Ct.), 370 S.W.2d 867. The question to be decided here concerns whether respondents have sustained this burden so as to raise a fact issue relating to some defense to petitioner's right of recovery on its suit for deficiency. We hold that respondents have failed in this respect.

Brown, Herman, Scott & Young and A. J. Bryan, Fort Worth, for petitioner.

McDonald, Sanders, Nichols, Wynn & Ginsburg, Fort Worth, for respondents.

HAMILTON, Justice.

This is a suit by Tarrant Savings Association, petitioner, plaintiff in the trial court, seeking a deficiency judgment after a foreclosure under a deed of trust previously executed by Lucky Homes, Inc., et al., respondents, in favor of petitioner. Following the conclusion of the evidence the trial court withdrew the case from the jury except as to one issue on the market value of the property foreclosed on at the time of the foreclosure sale. The court entered judgment for petitioner for the deficiency in the sum of $1258.81. The Court of Civil Appeals reversed the judgment of the trial court and remanded the case for a new trial. 379 S.W.2d 386.

 In the trial of this cause petitioner maintained its burden to establish its case

 Respondents attempt to defeat petitioner's case by showing that an improper credit has been allowed against their note. It is respondents' theory that the foreclosure sale whereby the mortgaged property was sold for $1,200 was invalid because proper legal notices were not posted as required by statute. The only proof put forward by respondents to maintain their burden on this defensive matter related to the fact that the substitute trustee had not posted the notices himself nor did he know whether in fact they had been posted. Petitioner had introduced in evidence the substitute trustee's deed of conveyance with its recitations that E. B. Conley, the substitute trustee, had posted proper notices as provided for in the deed of trust. Respondents urge that by proving that this recitation was erroneous the presumption that Conley properly posted the notices had been destroyed. They are correct in this contention, but they have simply not gone far enough. The destruction of the presumption does not raise a fact issue as to whether O. W. White, the

original trustee, properly posted the notices. It was their burden to prove that notices were not posted, and all that they have done is prove that the substitute trustee did not post them, not that they were not posted. From the record it is apparent that the substitute trustee could not have posted proper notices since he was appointed only four days prior to the foreclosure sale.

At the time the notices should have been posted White was the only one authorized by the deed of trust to post them. Respondents make no attempt to show that White did not in fact post the notices. When an original trustee properly posts the notices required by law, there would be no necessity for re-posting, and the substitute trustee could have made a valid sale. Gamble v. Martin et al., 60 Tex.Civ.App. 517, 129 S.W. 386, no writ hist.

Under respondents' theory that a fact issue had been raised with respect to whether or not proper notices had been posted, the only question under this record which could have been submitted to the jury was whether or not White had failed to properly post notices. There is no evidence presented which would support an affirmative finding to such an issue. It is therefore our opinion that respondents have merely shown that the substitute trustee, Conley, has not posted the proper notices, not that said notices were not in fact posted. Respondents have thus failed to maintain their burden of proof in this case.

The basic error committed by the Court of Civil Appeals lies in the premise upon which it constructed its opinion. That court accepted as sound the rule that "[a] prerequisite to the recovery of a deficiency judgment is the establishment of the deficiency by a valid foreclosure sale", citing Casa Monte Co. v. Ward, Tex.Civ.App., 342 S.W.2d 812, no writ hist., and Sullivan v. Hardin, Tex.Civ.App., 102 S.W.2d 1110, no writ hist. This premise from which the Court of Civil Appeals reasoned is clearly erroneous. Under Maupin v. Cheney, 139

Tex. 426, 163 S.W.2d 380, if the sale is valid the mortgagee is entitled to judgment for the amount of the note, interest and attorney's fees, less the amount received at the trustee sale and other legitimate credits. If the sale is invalid and title to the property has passed to a third person or the property has been appropriated to the use and benefit of the mortgagee, the mortgagor is entitled to have the reasonable market value of the property credited on the note (of course if, as in Maupin, the mortgaged property had an outstanding prior vendor's lien or other prior deed of trust held by some third party, then the credit allowed would be the reasonable market value of the mortgagor's equity in said property). The case of John Hancock Mutual Life Ins. Co. v. Howard, Tex.Civ.App., 85 S.W. 2d 986, writ refused, provides the additional rule that if the sale was invalid and the property has not passed into the hands of a third person or been appropriated to the use and benefit of the mortgagee, the mortgagee may by alternative pleading have a judgment of foreclosure of his lien and for any deficiency which crediting of the proceeds of the sale may leave.

Respondents had an additional point before the Court of Civil Appeals by which they urge that this sale should be set aside on proof of inadequacy of price coupled with some wrongdoing, misconduct or unfairness on the part of the person exercising the power of sale under the deed of trust. Respondents contend that there was an inadequate price paid at the foreclosure sale in this case and point to the fact that while the sale was for only $1,200, the jury found the value of the property to be $4,000. Respondents further urge that there is sufficient evidence to go to the jury on the question of unfairness and improper conduct on the part of Conley.

Mere inadequacy of consideration alone does not render a foreclosure sale void if the sale was legally and fairly made. Burnette v. Realty Trust Co., 74 S.W.2d 536, Tex.Civ.App., writ ref. It therefore becomes our responsibility to determine

whether from the record a fact issue was raised with respect to the propriety of this sale.

 The record shows that Conley recommended to another employee of Tarrant what said employee should bid for Tarrant at the foreclosure sale. Respondents contend that such action on the part of Conley constitutes improper conduct. We do not agree. The rule is well settled in this state that a mortgagee with power to sell may purchase at his own sale made at public auction. Southern Trust & Mortgage Co. v. Daniel, 143 Tex. 321, 184 S.W.2d 465; Thornton v. Goodman, 216 S.W. 147 (Tex.Comm.App.). Since this is the law in Texas, it must follow that the mere fact that Conley, an officer of Tarrant, the mortgagee, requested another employee of Tarrant to come to the sale and to bid $1,200 on Tarrant's behalf does not constitute an impropriety on Conley's part. Finding no evidence of unfair or wrongful conduct on Conley's part that could combine with the alleged inadequate price so as to void the foreclosure sale, we overrule this point.

We reverse the Court of Civil Appeals and affirm the judgment of the trial court.