Warren P. CASTLE, Jr., et al., Appellants,

v.

APPLIANCE BUYERS CREDIT CORPORATION, Appellee.

No. 16837.

Court of Civil Appeals of Texas.

Dallas.

Dec. 23, 1966.

Paul Thorp, of Matthews, Weaver & Thorp, Dallas, for appellants.

Harry I. Freedman & Richard S. Geiger, of Spafford, Freedman, Hamlin, Gay & Whitham, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appliance Buyers Credit Corporation brought this action against Warren P. Castle, Jr. and Milton H. Friend, Jr., asking judgment for the unpaid balance of a promissory note. Plaintiff's motion for summary judgment was sustained and this appeal follows.

Appellants' only point on appeal is that the trial court erred in rendering summary judgment for appellee since an issue of fact existed as to the unpaid balance of the note. We have carefully reviewed this record in the light of the rules relating to judicial review of summary judgment proceedings as announced by our Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, and having done so we overrule appellants' contention and sustain the trial court's action.

The petition of the appellee corporation was regular on its face alleging a cause of action against appellants to recover the balance due on a promissory note executed by appellants, which note was attached as an exhibit to the petition. Appellants' unverified answer consisted of a general denial and a general allegation to the effect that appellee had posted for sale the real property described under a deed of trust given by appellants to secure the note sued upon and that on or about January 4, 1966 appellee corporation proceeded to sell said real estate to itself. It was then asserted that appellee corporation did not pay the reasonable market value of such property but that the corporation purchased same for a grossly inadequate sum. It was claimed that if proper credit was given for the market value of the property that nothing would be due and owing on the note.

Appellee's motion for summary judgment wss supported by affidavit of E. D. Smythe, its vice-president, in which facts were set forth relating to the execution, delivery, ownership and nonpayment of the note and that "after allowing all just and lawful assets, payments and credits to which the makers are entitled there remains due and owing on said note the sum of $56,177.71." In opposition to the motion for summary judgment appellants alleged generally that they had not been given due credit on the note. To support the opposition to the motion appellants attached an affidavit by appellant Friend who stated that in his opinion the property and improvements had a market value in Dallas, Texas on January 4, 1966 of more than $75,000 in excess

of the amount of the first lien mortgage against the property. There was also attached an affidavit of attorney Paul Thorpe stating that "he was advised by Harry I. Friedman and during the month of March 1966 he was advised by Richard S. Geiger * * * that plaintiff had bought in said property for the sum of $5,000."

 Under the well established law of Texas appellants' motion and supporting affidavits were insufficient to create an issue of material fact which would prevent the granting of a summary judgment.

It is first to be observed that appellants failed to allege, as required by Rule 95, Vernon's Texas Rules of Civil Procedure, or to prove payment which would controvert appellee's contention that the note was due and payable in the amount demanded. Southwestern Fire & Casualty Co. v. Larue, Tex.Sup.Ct., 367 S.W.2d 162.

 The real theory of appellants' appeal seems to be nothing more than a collateral attack upon a trustee sale held prior to the institution of this suit. Appellants' contention that the consideration paid by appellee corporation for the property at the trustee sale was inadequate is in itself insufficient to constitute a valid attack on the sale. Mere inadequacy of consideration alone does not render a foreclosure sale void if the sale was legally and fairly made. Tarrant Savings Ass'n v. Lucky Homes, Inc., Tex.Sup.Ct., 390 S.W.2d 473; Graham & Locke Investments v. Madison, Tex.Civ.App., 295 S.W.2d 234; Miller v. Gibraltar Savings & Building Ass'n, Tex. Civ.App., 132 S.W.2d 606; 13 Tex.Jur.2d Contracts, § 49, p. 183.

 Appellants make no contention or produce no proof that the trustee sale was unfairly held or coupled with fraud or other circumstances. A trustee sale will not be disturbed or set aside because the consideration was inadequate unless there were allegations and proof of irregularities connected with the sale which caused or contributed to cause the property to be sold for a grossly inadequate price. Jacobson v. Nat'l Western Life Ins. Co., Tex.Civ. App., 403 S.W.2d 528; Tarrant Savings Ass'n v. Lucky Homes, Inc., Tex.Sup.Ct., 390 S.W.2d 473.

The judgment of the trial court is

Affirmed.