**W. R. KOEHLER, Appellant,**

v.

**PIONEER AMERICAN INSURANCE COMPANY, Appellee.**

No. 16916.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 23, 1968.

Smith & Baker, Lubbock, for appellant.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and C. Harold Brown, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

The defendant, W. R. Koehler, executed his note in the sum of $100,000 payable in monthly installments to plaintiff, Pioneer American Insurance Company, and executed a deed of trust securing payment.

Payments became in default and substitute trustee, after notice posted, sold the property to plaintiff for the sum of $25,000.00, which was credited on the note. There remained a balance due of $59,681.-03. It was for this sum, plus attorney's fees, plaintiff brought suit against defendant.

After all pleadings were made, plaintiff moved for and obtained a summary judgment.

In his first point of error defendant contends there was an issue of fact presented as to whether the foreclosure sale was invalid because of gross inadequacy of price.

Mere inadequacy of consideration alone does not render a foreclosure sale void if the sale was legally and fairly made. Tarrant Savings Association v. Lucky Homes, Inc., 390 S.W.2d 473 (Tex.Sup.,

1965); Burnette v. Realty Trust Co., 74 S.W.2d 536 (Tex.Civ.App., 1934, writ ref.).

In his second point defendant argues there existed a genuine issue of material fact as to whether the sale was invalid because of gross inadequacy of price, coupled with other irregularities in connection with the foreclosure sale, and certain unfair dealings and misconduct on the part of plaintiff and trustees in connection with the sale.

According to defendant the "other irregularities" and unfair dealings and misconduct consisted of the following: b. defendant conveyed the property in question to trustees (not the trustee or substitute trustee in the deed of trust) in an effort to make restitution for the wrongful appropriation of funds and relied on the trustees to protect his interest; c. property was sold by a substitute trustee; d. trustee advertised the sale for three consecutive weeks but not three consecutive weeks immediately prior to date of sale; e. wrong substitute trustee posted notice of sale; f. sale occurred on a legal holiday; g. defendant did not know of coming sale; h. the various trustees in the deed of trust were officers and employees of plaintiff.

■ The trustee's sale took place on the first Tuesday in July, 1967, which happened to be a legal holiday, July 4th. A sale regularly exercised under a power is equivalent to a strict foreclosure by a court of equity properly pursued. Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147 (1912).

■ Court proceedings on a legal holiday are not void, except where expressly so declared by statute. Houston, E. & W. Tex. R'y Co. v. Harding, 63 Tex. 162 (1885); London v. Chandler, 400 S.W.2d 862 (Tex.Civ.App., 1966); and Stewart v. Stewart, 357 S.W.2d 492 (Tex.Civ.App., 1962, no writ hist.).

Neither the sale under the deed of trust statute, Art. 3810, Vernon's Ann.Tex.Civ. St., nor the Holiday statute, Art. 4591, V.A.T.S., nor Rule 6, Texas Rules of Civil Procedure, prohibits a deed of trust sale, equivalent to a court of equity proceeding, being made on July 4th.

Officers and employees of the plaintiff were not disqualified to serve as trustee and substitute trustee. Thornton v. Goodman, 216 S.W. 147 (Tex.Com.App., 1919); Tarrant Savings Association v. Lucky Homes, Inc., supra.

Defendant states in his brief: "Frankly, we believe that the most serious irregularity in connection with the sale was that * * one substitute trustee (Edens) posted notices that he would sell the property on July 4, 1967, and that another substitute trustee (Rouse) was then appointed on June 27, only seven days before the sale, and actually made the sale."

■ Unfortunately for defendant's "most serious irregularity" point, the Supreme Court has held directly opposite to his position. See Tarrant Savings Association v. Lucky Homes, Inc., supra, where the court held: "At the time notices should have been posted White was the only one authorized by the deed of trust to post them. Respondents make no attempt to show that White did not in fact post the notices. When an original trustee properly posts the notices required by law, there would be no necessity for re-posting, and the substitute trustee could have made a valid sale."

The deed of trust executed by defendant provided in event of default the trustee should enforce the trust and "make sale of said real property as provided in Article 3810, Revised Statutes of Texas for 1925, after notice as provided in said article (but without any other notice than is required by said Article 3810). * * *"

Article 3810, governing sales under deed of trust, provides that notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County.

892

■ We find no requirement that personal notice be given the mortgagor, nor that the three consecutive weeks' notice be *immediately* prior to the sale.

Defendant admitted that he knew at least a month before the sale that plaintiff had suggested to the trustees to whom defendant had conveyed the property that defendant execute a quitclaim deed to the property and thus avoid a deficiency judgment. Defendant admits he took the matter under consideration, but never made a decision known to the trustees or to plaintiff.

■ The parties may agree, as defendant did in this case, that the recitals in the conveyance to the purchaser at any trustee's sale shall be full evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be conclusively presumed to have been performed. Rogers v. Fielder, 392 S.W.2d 797 (Tex.Civ.App., 1965, ref., n. r. e.); 39 Tex.Jur.2d 210, § 153, and authorities cited therein. The substitute trustee's deed to plaintiff recites that notice of sale was posted for three consecutive weeks prior to the date of sale in Lubbock County, one of which was the courthouse door. Defendant offered nothing which could be considered as evidence that the recitals were not in fact true.

Before the court were (1) the plaintiff's pleadings in which it alleged there was a balance of $59,681.03 due on the $100,000 note, and the note and deed of trust executed by defendant; (2) defendant's answer which did not deny the execution of the note and deed of trust and default in payments. The answer referred to and adopted the following instruments, which were before the court at the trial: (a) trust agreement whereby defendant conveyed the property to certain trustees so they could endeavor to salvage defendant's property to the extent that Citizens State Bank of Dalhart could be repaid the approximate sum of $610,000 which defendant had wrongfully converted to his own use; (b) resignation of Marcus Ginsburg as trustee in the deed of trust and appointment of R. L.

Edens as substitute trustee; (c) resignation of Edens as substitute trustee and appointment of John M. Rouse as substitute trustee; (d) substitute trustee's deed to Pioneer; (e) plaintiff's motion for summary judgment on pleadings and exhibits; (f) affidavit of R. L. Edens, in which he stated that the note was executed by defendant, that plaintiff is owner of the note and that a balance of $59,681.03 remains unpaid; (g) defendant's sworn plea in opposition to the motion for summary judgment, in which he alleged "All of the allegations of fact set forth in paragraphs 4, 5 and 10 (b and g under point of error No. 2) of Defendant's First Amended Original Answer are true and correct"; (h) affidavit by Leroy Elmore in which he states "It is my opinion that the property described in Exhibit 'A' is worth a minimum of 30¢ per square foot or a total of $142,667.81 for the entire tract of 10.9178 acres."

In our opinion none of the documentary instruments in the record raise any issue of "irregularities" or "unfair dealings and misconduct" on the part of plaintiff.

The only possible issue raised was inadequacy of price, based on Elmore's affidavit. As already stated, mere inadequacy of consideration does not render a foreclosure sale void if the sale was legally and fairly made.

In the words of Justice Williams in Castle v. Appliance Buyers Credit Corporation, 410 S.W.2d 485 (Tex.Civ.App., 1966, no writ hist.), "The real theory of appellants' appeal seems to be nothing more than a collateral attack upon a trustee sale held prior to the institution of this suit. Appellants' contention that the consideration paid by appellee corporation for the property at the trustee sale was inadequate is in itself insufficient to constitute a valid attack on the sale."

Since plaintiff complied with all the necessary prerequisites for judgment, and defendant raised no issue of material fact, the court properly rendered judgment for plain-

tiff. Castle v. Appliance Buyers Credit Corporation, supra.

Defendant's points of error are overruled and judgment affirmed.

Affirmed.