**JEFFERSON STANDARD LIFE INSUR-
ANCE COMPANY, Plaintiff-
Appellee,**

v.

**Raymond P. ELLEDGE, Jr., et al.,
Defendants-Appellants.**

**No. 72–1658
Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

July 17, 1972.

Thomas G. Sharpe, Jr., Brownsville, Tex., for defendants-appellants.

John William Black, Brownsville, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

In this Texas diversity case, the makers of a promissory note appeal from a deficiency judgment entered by the District Court in favor of Jefferson Standard Life Insurance Company. Jefferson filed suit for the deficiency after foreclosure of a Deed of Trust given to secure the note. A jury fixed the amount of the deficiency at $90,120.18. To this sum the District Court added 10 per cent attorney's fees and interest on

New York et al., 5 Cir., 1970, 431 F.2d
409, Part I.

past due installments in the amount of 10 per cent per annum, in accordance with the terms of the note. We affirm.

On June 13, 1962, appellants executed a promissory note in the amount of $425,000, payable to the order of Jefferson, a Deed of Trust covering property in Brownsville, Texas, where appellants constructed a motel, and a mortgage covering certain chattels located on the premises. The original makers of the note were never released from their personal liability on the note, even though the property was sold on several occasions.

When payments on the note became in default, Jefferson foreclosed the Deed of Trust. On July 7, 1970, it purchased the property at auction for the sum of $150,000. On that date, a total of $240,120.18 was due and owing on the note, exclusive of attorney's fees and past due interest.[1] Jefferson credited appellants with the sum of $150,000 from the sale of the property, reducing the obligation to $90,120.18, and filed suit for the balance on September 18, 1970. In November of 1970, Jefferson sold the property to Horn, a third party, for $100,000 taking a $50,000 loss on the transaction.

■■ Appellants claim that the foreclosure sale was "clearly fraudulent since Appellee purchased the property for Two Hundred Ninety Thousand Dollars ($290,000.00) less than the appraised value." The evidence does not support the contention. While the property at one time had considerably greater value, its value had greatly depreciated by the time it was sold. Even so, appellants' defense fails as a matter of law. In Tarrant Savings Association v. Lucky Homes, Inc., Tex.1965, 390 S.W. 2d 473, the Supreme Court of Texas held that "Mere inadequacy of consideration alone does not render a foreclosure sale void if the sale was legally and fairly made." Id. at 475. See also Mabry v. Abbott, Tex.Civ.App.1971, 471 S.W.2d 442. There is no contention here that the sale was not legally and fairly made. Indeed, appellants' counsel told the District Court "we are not challenging the validity of the sale or notices." Under the law of Texas, appellants' contention that the price was inadequate, without more, does not prevent recovery of a deficiency by Jefferson. See Tarrant Savings Association v. Lucky Homes, Inc., supra.

■ Finally, appellants contend that they were entitled to credit in the amount of $100,000, representing the amount received by Jefferson when it sold the property to Horn. They argue that Jefferson had a duty to mitigate damages. Jefferson, of course, itself took a $50,000 loss on the sale to Horn. Whether a mortgagee must credit the mortgagor with the amount received from a sale subsequent to foreclosure which is in excess of the price paid at foreclosure, on the theory that he has a duty to mitigate damages, is not before us. However, appellants' contention that they are entitled to such a credit where the property is sold at arm's length and at a loss is without merit.

Affirmed.

---

1. The sum included principal in the amount of $219,591.55; interest from January 1, 1970–July 7, 1970 at 6¾ per cent in the amount of $7,764.67; tax advances in the amount of $11,230.96; and advances for fire insurance in the amount of $1,573.