Honorable Ashley Smith Chairman Financial Institutions Committee Texas House of Representatives P.O. Box 2910 Austin, Texas 78768-2910
Re: Authority of a commissioners court to designate a new area of the county courthouse for sales of real property (RQ-1677)
Dear Representative Smith:
You ask whether under section 51.002(a) of the Property Code a commissioners court, after having designated an area at the courthouse for public sale of real property under a power of sale conferred by a deed of trust or other contract lien, may subsequently change the place for such a sale to another area at the courthouse. You also ask whether the commissioners court may designate an alternate area for times when the previously designated area may not be accessible to the public.
Section 51.002 provides that sales of real property held under power conferred by a deed of trust or other liens must be at public sale to be held between 10 a.m. and 4 p.m. on the first Tuesday of a month at the courthouse. This section further provides for the giving of notice of the sale and the manner in which notice shall be given. Section 51.002(a) was amended by House Bill 1504, Acts 1987, 70th Leg., ch. 540, § 1, effective January 1, 1988, to provide the following additional provisions:
 The sale must take place at the county courthouse in the county in which the land is located, or if the property is located in more than one county, the sale may be made at the courthouse in any county in which the property is located. The commissioners court shall designate the area at the courthouse where the sales are to take place and shall record the designation in the real property records of the county. The sale must occur in the designated area. If no area is designated by the commissioners court, the notice of sale must designate the area at the courthouse where the sale covered by that notice is to take place, and the sale must occur in that area. (Emphasis reflects provisions added by amendment.)
You note that your questions were prompted by the fact that the first Tuesday in July 1989, is July 4,[1] a holiday when many courthouses will be closed. You state that a number of counties have designated an area on the exterior of the courthouse, some have designated the place of sale to be at the courthouse door and others have designated an area inside the courthouse. It is the latter group of counties that pose the problem that prompted your request.
A sale under section 51.002 "must be a public sale at auction held between 10 a.m. and 4 p.m. or the first Tuesday of a month." The very purpose for a public sale and the giving of notices thereof "is to secure the attendance of purchasers and obtain a fair price for the property." Reisenberg v. Hankins, 258 S.W. 904
(Tex.Civ.App.-Amarillo 1924, writ dism'd). It is not difficult to imagine that an area designated as the place for sale at the courthouse by the commissioners court may at some future date become inaccessible to the public for numerous reasons. The designated area may become unsafe for use by the public, inaccessible due to remodeling or building of a new courthouse, and conceivably, the designated area may be destroyed by fire or other calamity. If for any reason the designated area becomes inaccessible to the public, serious questions would arise as to compliance with the public sale requirement of this section. Given the fact that section 51.002 requires that the sale be public, it follows that the commissioners court has the implied authority to formally change the designated area for the sale at the courthouse for future sales when the previously designated site becomes inaccessible to the public. Pursuant to the requirements of this section any order of the commissioners court changing the designated area must be reflected in the deed records of the county.
In your second question, you ask whether the commissioners court may designate an alternate area for times when the designated site may be inaccessible.
Commissioners courts may exercise only such powers as the constitution or the statutes have specifically conferred upon them. Tex. Const. art. V, § 18; Renfro v. Shropshire,566 S.W.2d 688 (Tex.Civ.App.-Eastland 1978, writ ref'd n.r.e.).
Section 51.002(a), as amended by House Bill 1504, provides "the commissioners court shall designate the area at the courthouse where the sales are to take place." The commissioners court is not expressly authorized to designate an alternate site. Nor do we believe that the act may be construed to give the commissioners court implied authority to designate an alternate site to be used in the event that the designated area is inaccessible. The bill analysis to House Bill 1504 states that one of its purposes is to cure the problem area of the existing law as to the "uncertain location" of the sale. Bill Analysis, H.B. 1504, 70th Leg. (1987). You furnish an example of how easily confusion may arise as to a location by noting that where counties have designated "at the entrance" to the courthouse as a designated site, questions are presented as to whether the site is on the inside or outside of such entrance, or both. This confusion could easily be avoided if the commissioners court would specify, for example, "outside the north entrance" of the courthouse, or the like. Further, construction of section 51.002 that would allow the commissioners court to provide alternative sites, depending upon the weather, holidays, or other events would not only be confusing but also contrary to the intent of the legislature to make certain the place of the sale.[2]
 SUMMARY
A commissioners court may change the area at the courthouse previously designated for public sales of real property pursuant to the provisions of section 51.002(a) of the Property Code. The commissioners court is not authorized under such section to designate an alternate area for times when the designated area may become inaccessible to the public.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] In Koehler v. Pioneer Am. Ins. Co., 425 S.W.2d 889, 891
(Tex.Civ.App.-Fort Worth 1968, no writ) the court addressed the validity of a sale on July 4, as follows:
 Neither the sale under the deed of trust statute, Art. 3810, Vernon's Ann.Tex.Civ.St., [now section 51.002(a)] nor the Holiday statute, Art. 4591, V.A.T.S., nor Rule 6, Texas Rules of Civil Procedure, prohibits a deed of trust sale, equivalent to a court of equity proceeding, being made on July 4th.
[2] While, as you point out, the cost of opening the courthouse for the limited purpose of the sale may be a consideration, this would appear to be a viable option since it would be for a limited time on infrequent occasions. Another solution, as you suggest, would be to designate the place of sale at an exterior area of the courthouse.