

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 12, 1989

Honorable Ashley Smith
Chairman
Financial Institutions Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. JM-1044

Re: Authority of a commissioners court to designate a new area of the county courthouse for sales of real property (RQ-1677)

Dear Representative Smith:

You ask whether under section 51.002(a) of the Property Code a commissioners court, after having designated an area at the courthouse for public sale of real property under a power of sale conferred by a deed of trust or other contract lien, may subsequently change the place for such a sale to another area at the courthouse. You also ask whether the commissioners court may designate an alternate area for times when the previously designated area may not be accessible to the public.

Section 51.002 provides that sales of real property held under power conferred by a deed of trust or other liens must be at public sale to be held between 10 a.m. and 4 p.m. on the first Tuesday of a month at the courthouse. This section further provides for the giving of notice of the sale and the manner in which notice shall be given. Section 51.002(a) was amended by House Bill 1504, Acts 1987, 70th Leg., ch. 540, § 1, effective January 1, 1988, to provide the following additional provisions:

> The sale must take place <u>at the county courthouse</u> in the county in which the land is located, or if the property is located in more than one county, the sale may be made <u>at the courthouse</u> in any county in which the property is located. <u>The commissioners court shall designate the area at the courthouse where the sales are to take place and shall record the designation in the real property records of the county. The sale must occur in the designated area. If no area is</u>

<u>designated by the commissioners court, the notice of sale must designate the area at the courthouse where the sale covered by that notice is to take place, and the sale must occur in that area</u>. (Emphasis reflects provisions added by amendment.)

You note that your questions were prompted by the fact that the first Tuesday in July 1989, is July 4,[1] a holiday when many courthouses will be closed. You state that a number of counties have designated an area on the exterior of the courthouse, some have designated the place of sale to be at the courthouse door and others have designated an area inside the courthouse. It is the latter group of counties that pose the problem that prompted your request.

A sale under section 51.002 "must be a public sale at auction held between 10 a.m. and 4 p.m. or the first Tuesday of a month." The very purpose for a public sale and the giving of notices thereof "is to secure the attendance of purchasers and obtain a fair price for the property." <u>Reisenberg v. Hankins</u>, 258 S.W. 904 (Tex. Civ. App. - Amarillo 1924, writ dism'd). It is not difficult to imagine that an area designated as the place for sale at the courthouse by the commissioners court may at some future date become inaccessible to the public for numerous reasons. The designated area may become unsafe for use by the public, inaccessible due to remodeling or building of a new courthouse, and conceivably, the designated area may be destroyed by fire or other calamity. If for any reason the designated area becomes inaccessible to the public, serious questions would arise as to compliance with the public sale requirement of this section. Given the fact that section 51.002 requires that the sale be public, it follows that the commissioners court has the implied authority to formally change the designated area for the sale at the courthouse

---

1. In <u>Koehler v. Pioneer Am. Ins. Co.</u>, 425 S.W.2d 889, 891 (Tex. Civ. App. - Fort Worth 1968, no writ) the court addressed the validity of a sale on July 4, as follows:

Neither the sale under the deed of trust statute, Art. 3810, Vernon's Ann. Tex. Civ. St., [now section 51.002(a)] nor the Holiday statute, Art. 4591, V.A.T.S., nor Rule 6, Texas Rules of Civil Procedure, prohibits a deed of trust sale, equivalent to a court of equity proceeding, being made on July 4th.

for future sales when the previously designated site becomes inaccessible to the public.  Pursuant to the requirements of this section any order  of the commissioners court  changing the designated area must be reflected in the deed records of the county.

In your second  question, you ask  whether the  commissioners court may designate an alternate area for times when the designated site may be inaccessible.

Commissioners courts may exercise  only such powers  as the constitution or the statutes have specifically conferred upon them.  Tex. Const. art. V, § 18; <u>Renfro v.  Shropshire</u>, 566 S.W.2d 688 (Tex. Civ.  App. - Eastland 1978, writ  ref'd n.r.e.).

Section 51.002(a),  as  amended  by  House  Bill  1504, provides "the commissioners court  shall designate <u>the  area</u> at the courthouse where the  sales are to take place."   The commissioners court is not expressly authorized to designate an alternate site.  Nor  do we believe that  the act may  be construed to give the commissioners court implied  authority to designate an alternate site to be used in the event  that the designated area is  inaccessible.  The bill analysis  to House Bill 1504 states that one  of its purposes is to  cure the problem area of  the existing law  as to the  "uncertain location" of the sale.  Bill Analysis, H.B. 1504, 70th  Leg. (1987).  You furnish an example of how easily confusion  may arise as to a  location by noting  that where counties  have designated "at the entrance" to  the courthouse as a  designated site, questions are presented  as to whether the  site is on the inside or outside of such entrance, or both.  This confusion could easily be avoided if the commissioners court would specify, for example, "outside the north entrance"  of the courthouse,  or the  like.  Further,  construction  of section 51.002 that would  allow the commissioners court  to provide  alternative  sites,  depending  upon  the  weather, holidays, or other  events would not  only be confusing  but also contrary  to the intent  of  the legislature  to  make certain the place of the sale.[2]

---

2.  While, as you  point out, the  cost of opening  the courthouse for  the limited  purpose of  the sale  may be  a consideration, this would appear to be a viable option since it would  be for  a limited  time on  infrequent  occasions. Another solution, as you suggest, would be to designate  the place of sale at an exterior area of the courthouse.

## S U M M A R Y

A commissioners court may change the area at the courthouse previously designated for public sales of real property pursuant to the provisions of section 51.002(a) of the Property Code. The commissioners court is not authorized under such section to designate an alternate area for times when the designated area may become inaccessible to the public.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General