IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00212-CV

 

In
re Wesley F. Honza, Jr. and Robert Honza

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            The Honzas seek a writ of mandamus
compelling Respondent, the Honorable Greg Wilhelm, Judge of the County Court at
Law No. 1 of Ellis County, to vacate an order permitting interim summations by
the attorneys in a jury trial which was stayed by this Court in December 2007
and will resume in July.  Because the Honzas have an adequate remedy by appeal,
we will deny their mandamus petition.

            “Generally, mandamus will
issue only to correct a clear abuse of discretion or the violation of a duty
imposed by law when an adequate remedy by appeal does not exist.  Mandamus
should not issue to correct grievances that may be addressed by other
remedies.”  In re Columbia Med. Ctr of Las Colinas, 290 S.W.3d 204, 207
(Tex. 2009) (citations omitted).  “Used selectively, mandamus can ‘correct
clear errors in exceptional cases and afford appropriate guidance to the law
without the disruption and burden of interlocutory appeal.’”  Id. (quoting In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 138 (Tex. 2004)).

            The Honzas contend that
their case is an “exceptional” one for which the principals enunciated in Prudential
dictate that mandamus relief is appropriate even though relief by appeal will
be available after final judgment.  We disagree.  The Honzas’ case does not
present a matter of “clear error,” nor is the case so “exceptional” that relief
by appeal will be an inadequate remedy.  See In re Pilgrim’s Pride
Corp., No. 06-08-00109-CV, 2008 Tex. App. LEXIS 8619, at *4-8 (Tex.
App.—Texarkana Nov. 17, 2008, orig. proceeding) (mem. op.) (relator had
adequate remedy by appeal for review of ruling excluding testimony).

Therefore, the petition is denied.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Petition denied

Opinion
delivered and filed June 30, 2010

[OT06]








 

*          (Chief Justice Gray concurs in the denial
of the petition for writ of mandamus but for reasons entirely different than
those expressed in the memorandum opinion.  A separate opinion will not
issue.  He notes, however, that he did not participate in the opinion
denying the earlier petition for writ of mandamus and expressly dissented to
the granting of the stay of the trial court proceedings during the middle of
trial and the Court’s refusal to include his dissent thereto in the order
staying the trial, which issued on December 28, 2007.  

 

On
December 5, 2007, the Court had unanimously stayed the trial court’s discovery
order compelling certain discovery.  In Re Honza No. 10-07-00378-CV
(Dec. 5, 2007) (original proceeding) (order).  Notwithstanding that the
discovery order was stayed the trial court, apparently without objection from
the parties, proceeded to trial without the items allegedly sought in discovery
and without resolution of the validity of the order compelling the
discovery.  At this juncture it serves no useful purpose to fully explain
why but, based upon the limited review that the circumstances then allowed
Chief Justice Gray, he did not believe that a stay of the trial was necessary
or appropriate because it did not appear that the discovery ordered had ever
been properly or timely requested.  Further, if the items sought in the
motion to compel had been properly and timely requested in discovery and a
timely motion to compel had been pursued and production properly and timely
ordered, there would have been no need to interrupt a second trial to allow the
discovery (An earlier jury trial had resulted in a mistrial). 
Nevertheless, a trial that had been in process for 11 days was stayed by an
order of a majority of this court to consider the propriety of the trial
court’s order compelling production of certain computer data known as “meta
data.”  

 

Now,
over 2.5 years after the second proceeding was stopped in the middle of a jury
trial for a discovery issue, the trial court intends to resume that
trial.  To facilitate that process the trial court has rendered an order
that will allow the parties one hour each to summarize the evidence that had
previously been presented in 11 days of trial and which time also includes the
opportunity for the defendants, Relators here, to provide the jurors with a
supplemental opening statement.  The Court holds that any issue regarding
what now happens in the middle of trial can be adequately reviewed on
appeal.  Chief Justice Gray concurs only in the result for the reasons
stated below. 

 

Without
addressing the efficacy of, or the many problems that the trial court, the
parties, and the jurors may experience in the effort to continue with a trial
interrupted for so long, on the narrow issue presented by this mandamus
proceeding, he does not believe that it is an abuse of the trial court’s
discretion to allow the parties the opportunity to summarize the evidence
previously presented.  Given the length of the interruption in the trial,
it would be difficult to simply resume the trial with the presentation of the defendants’
case-in-chief (the trial was stayed when the plaintiffs’ had fully presented
their case-in-chief.)  And at this juncture, while he recognizes the
concern that the summaries will cross over into argument which is only proper
“after the evidence is concluded and the charge is read,” Tex. R. Civ. P. 269 (a), that is not an
issue that we can address in this mandamus proceeding.  See generally
Parker v. State, 51 S.W.3d 719, 723-7245(Tex. App.—Texarkana 2001, no pet.). 
The scope of the summaries and thus the duty to keep them within the proper
boundaries begins with the lawyers as officers of the court but ultimately rest
with the trial court to supervise and control the events in the court room,
including limiting the summaries given by the parties to the proper
scope.  

 

Accordingly,
for the reasons expressed, Chief Justice Gray concurs in the judgment of the
Court to deny the petition for writ of mandamus.)






y or one of Macaulay's sons. 
      On November 20, 1984, Gulf South and Macaulay signed a one-year $170,000 revolving
credit promissory note payable to First City-Almeda-Genoa. Alexander guaranteed its payment. 
The note was further secured by a deed of trust covering real property pledged by Macaulay. On
November 20, 1985, the note was renewed and extended to March 1, 1987, when the entire
balance of principal and interest would be due. Under the terms of the note, the makers were
obligated to pay First City Bank's collection costs equal to 15% of the balance owed. First City
Bank-Almeda-Genoa later merged into First City Texas-Houston N.A. and First City Texas
became owner of the note.
      During 1985 First City Bank made credit advances under the note totaling $170,000 to Gulf
South and periodically Gulf South made some principal and interest payments. On March 1, 1987,
the note matured at which time $170,000 remained due and owing. After March 1, 1987, Gulf
South made a $1,000 payment of principal, a $774.23 payment of interest, and $154.14 payment
of principal which were credited by the bank.
      After the default at maturity First City Bank proceeded to foreclose on the real property
pledged by Macaulay and a foreclosure sale was held on July 7, 1987. At the sale First City Bank
bought the property for a bid price of $101,000 and applied same to reduce the note balance to
$67,845.86. A further offset was applied by the bank, reducing the principal balance to
$64,936.20.
      First City Bank then filed this suit for the deficiency which, at the time of trial, included
$64,396.20 unpaid principal, $33,973.50 unpaid interest, and $30,595 collection costs (totaling
$128,969.70). The trial court granted First City Bank's motion for a directed verdict for such
amount against Gulf South and Alexander and submitted Macaulay's defense and cross-action to
a jury. As noted, the jury found that First City Bank had not fraudulently induced Macaulay to
sign the note and that it had not committed any deceptive act, but did find that Macaulay owed
First City Bank $ 0.00 on the note.
      Macaulay asserts in his brief that there was a conflict about the amount owed on the note and
the value of the property foreclosed on and amount applied against the note. To recover a
deficiency owing on the note, First City bank must establish that (a) Macaulay executed and signed
the note; (b) that First City Bank is the legal owner and holder of the note; (c) that the note is in
default; and (d) how much is owing on the note after all payments and credits have been applied. 
Tarrant County Sav. Ass'n v. Lucky Homes, Inc., (Tex.) 390 S.W.2d 474; Carruth Mort. Co. v.
Ford, (Tex. App.—Houston [1st Dist.]) 630 S.W.2d 897, 899.
      Macaulay admitted that he signed the note, First City Bank established that it was the legal
owner of the note, and it is undisputed that the note was in default. There is evidence that after
all payments and credits (including the $101,000 received at the foreclosure sale) that the principal
deficiency of the note was $64,368.10; that the accrued and unpaid interest was $33,973.50; and
that First City Bank's 15% collection costs were $30,595 (totaling $128,936.70).
      Macaulay did not challenge any aspect of First City Bank's foreclosure sale or procedures. 
A mortgagor's failure to plead and present evidence of a foreclosure irregularity conclusively
precludes any belated attack as to the adequacy of the consideration paid. American Sav. & Loan
Ass'n v. Musick, (Tex.) 531 S.W.2d 581, 587. In the absence of any claim or evidence of
irregularity the amount bid and accepted at the foreclosure sale (here $101,000) is, as a matter of
law, the proper amount to be credited against the debt. Williams v. Henderson, (Tex.) 580
S.W.2d 37; see also Carruth Mort. Co., supra; Tarrant County Sav. Ass'n, supra.
      At trial Macaulay apparently relied on his defense of fraudulent inducement and his cross
action of a Deceptive Trade Practices Act violation to offset the amount due on the note. Both
matters were resolved against him by the jury.
      We sustain bank's Points 3, 4, and 5. We reform the judgment of the trial court and render
judgment that First City Bank recover $128,936.70 plus post-judgment interest against Gulf South,
Alexander, and Macaulay, jointly and severally.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reformed and affirmed
Opinion delivered and filed
Do not publish