# NO. 12-12-00261-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY A. MERCHANT,* *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *PHH MORTGAGE CORPORATION AND FEDERAL NATIONAL MORTGAGE ASSOCIATION, APPELLEES* | | |
| | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Larry A. Merchant appeals from the trial court's summary judgment in favor of PHH Mortgage Corporation and Federal National Mortgage Association (FNMA) in Merchant's suit for wrongful foreclosure, breach of fiduciary duty, common law fraud, fraud in a real estate transaction, and to quiet title to real property. In three issues, Merchant contends there are fact issues concerning the foreclosure process. We affirm.

### BACKGROUND

Merchant and his wife purchased a home in 2000. A portion of the purchase was financed by a loan payable to PHH Mortgage Services. In 2003, they divorced and Merchant acquired his wife's interest in the home. Thereafter, Merchant defaulted on the loan and PHH foreclosed on the property in 2008. Merchant sued to recover the property. The trial court granted PHH and FNMA's motion for summary judgment and this appeal ensued.

### SUMMARY JUDGMENT

PHH and FNMA filed a combined traditional and no evidence motion for summary judgment. They argued that there is no evidence of any of the elements of wrongful foreclosure,

breach of fiduciary duty, common law fraud, or statutory fraud, and regarding the cause of action to quiet title, no evidence that the trustee's deed is invalid or unenforceable. As evidence, they presented affidavits of an employee of PHH Mortgage Services, an employee of PHH's attorney, and Merchant. They also presented the note, deed of trust, notice of intention to foreclose, notice of acceleration, notice of trustee's sale, the appointment of substitute trustee, the substitute trustee's deed, reinstatement letters, and the letter with which Merchant's checks were returned to him.

## Standard of Review

After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of his claim. *See* TEX. R. CIV. P. 166a(i). A no evidence motion for summary judgment is essentially a motion for a pretrial directed verdict, which may be supported by evidence. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id*. at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, more than a scintilla of evidence exists. *Id*. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id*. Review of a summary judgment is de novo and requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *Gish*, 286 S.W.3d at 310.

In his first issue, Merchant contends the trial court erred in granting judgment against him because the evidence raises issues of fact with respect to PHH's standing to foreclose, appointment of multiple trustees, notice of default, demand and acceleration, and posting of notice. In his second issue, Merchant asserts that the evidence raises a fact question regarding whether PHH waived its right to accelerate and foreclose.

**Standing to Foreclose**

Merchant argues that there is a question whether the proper party was acting to enforce the terms of collection under the note and deed of trust. He explains that although PHH Mortgage Services was the note holder and beneficiary under the deed of trust, the original trustee was replaced by an appointment of a substitute trustee executed by PHH Mortgage Corporation. Merchant argues that the substitute trustee was therefore improperly appointed rendering the sale void. He contends there is no evidence to show PHH Mortgage Corporation was ever the lender or holder of Merchant's note or that there had been any assignment or transfer of the deed of trust. Also, there is no evidence of a mortgage servicing agreement entered between PHH Mortgage Services as lender and PHH Mortgage Corporation as mortgage servicer. He contends that the notice of intention to foreclose stated that PHH Mortgage Services was acting as the mortgage loan servicer for "Fannie Mae" and asserts that this conflicts with the 2008 appointment of substitute trustee that names PHH Mortgage Corporation as the owner of the note.

PHH responds that Merchant, through his pleadings, has judicially admitted that PHH Mortgage Corporation and PHH Mortgage Services are the same corporate entity. We agree.

The record shows that PHH Mortgage Corporation was a named defendant, was served, and filed an answer. PHH Mortgage Services was not named as a defendant, and was not served. Merchant also named FNMA as a defendant. In his petition, Merchant stated that "PHH Mortgage Corporation, defendant, is a foreign corporation formerly doing business under the name of PHH Mortgage Services. It will be referred to herein, individually, as 'PHH.'" Later in the petition, he stated that "PHH, at all times was acting either for itself or as the alleged corporate successor for PHH Mortgage Services (the original noteholder) or for and on behalf of FNMA as its servicer, for which PHH and FNMA or [sic] jointly and severally liable."

Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Houston First Am. Savs. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence. *Id*. Here, Merchant's assertion that PHH Mortgage Corporation was not the proper party to enforce the terms of collection under the note and deed of trust is in direct conflict with his assertions in his petition. He admitted that PHH Mortgage Corporation has done business under the name of PHH Mortgage Services and that PHH Mortgage Corporation acts for itself and PHH Mortgage Services, as well as on behalf of FNMA. These statements are binding on Merchant and taken as true by the court. *Kaplan v. Kaplan*, 129 S.W.3d 666, 669 (Tex. App.–Fort Worth 2004, pet. denied). Merchant seems to complain that PHH Mortgage Corporation and PHH Mortgage Services use their own names interchangeably. It appears from the record that they are essentially the same company, consistent with Merchant's petition. Merchant cannot now complain that the wrong entity foreclosed on his mortgage.

Merchant quotes from the December 7, 2007 notice letter, stating that the letter disclosed that PHH Mortgage Services was "acting as the Mortgage Loan Servicer for Fannie Mae, which is the owner of the note and deed of trust." He argues that there is no evidence to show who Fannie Mae is or how it is related to the lawsuit or loan documents, contributing to a "conflict of standing." Again, in his petition, Merchant admitted that PHH acted on behalf of FNMA as its servicer. To the extent Merchant is arguing that the summary judgment evidence does not identify "Fannie Mae," we conclude that is not necessary as it is common knowledge that FNMA, a defendant in this case, is referred to as "Fannie Mae."

Merchant also complains in this section of his brief that the December 7, 2007 notice failed to disclose the names and addresses of the substitute and successor substitute trustees in compliance with Section 51.0075(e) of the property code. The name and address of the trustee and substitute trustee must be disclosed on the notice of the sale. TEX. PROP. CODE ANN. §§ 51.002(b), 51.0075(e) (West Supp. 2012). The December 7, 2007 notice was a notice of intent to accelerate and foreclose, not a notice of the foreclosure sale. Therefore, the requirement to disclose the name and address of the trustee and substitute trustee does not apply.

4

## Appointment of Multiple Trustees

Merchant asserts that PHH Mortgage Corporation's appointment of substitute trustees failed to strictly comply with the terms of the deed of trust because PHH appointed multiple trustees to serve jointly rather than "a" successor trustee. He argues that there is no indication that the property code authorizes the appointment of multiple trustees at one time. He argues that the designation of multiple persons to conduct the foreclosure caused the defective sale because one did not know what the others were doing or saying.

Merchant did not raise this argument at trial and therefore presented no evidence raising a fact question on whether the appointment of multiple trustees invalidates the sale. *See* TEX. R. CIV. P. 166a(i). Additionally, he provides no authority for the proposition that the appointment of multiple trustees is in violation of the property code. *See* TEX. R. APP. P. 38.1(i).

## Procedural Requirements

Merchant contends there were numerous flaws in the procedure used by PHH to foreclose on his home. He complains that he was not given appropriate notices and that certain letters he received in March and April providing reinstatement figures were contradictory. He argues that there is a fact question regarding whether the letters constituted a waiver of acceleration and the right to foreclose. He further argues that there is a fact question regarding whether notice was posted at the courthouse or filed in the clerk's office.

### *Applicable Law*

The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. ***Sauceda v. GMAC Mortg. Corp.***, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008, no pet.). The property code provides as follows:

> (b) Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
> (1) posting at the courthouse door. . . a written notice . . . ;
> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
> (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.
>
> . . . .

5

> (d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

TEX. PROP. CODE ANN. § 51.002(b), (d) (West Supp. 2012).

*Analysis*

The deed of trust required the lender to give notice to Merchant prior to acceleration following Merchant's breach of any covenant or agreement in the deed of trust. Further, the deed of trust provided that the notice must specify the default; the action required to cure the default; a date, not less than thirty days from the date the notice is given to him, by which the default must be cured; and that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by the deed of trust and sale of the property.

PHH Mortgage Services sent a letter to Merchant by certified mail, dated December 7, 2007, stating that the mortgage was past due and advising him to pay $2,335.07 within thirty days from the date of the letter to avoid foreclosure. The letter specifically stated that if he did not cure the default within thirty days, payment of the current balance would be accelerated and foreclosure proceedings would be initiated. PHH Mortgage Corporation, through its attorney, sent Merchant, by certified mail, a notice of acceleration and posting dated April 14, 2008. The letter explained that, because of Merchant's default in payment of the monthly mortgage payments due under the note, PHH Mortgage Corporation had elected to accelerate the maturity of the debt and declared all sums due under the note immediately due and payable. The letter also informed Merchant that PHH Mortgage Corporation was proceeding to foreclose and sell the property under the terms of the deed of trust at public auction. A notice of trustee's sale was enclosed with the notice of acceleration. The notice of trustee's sale stated that the foreclosure sale would be conducted at the Wood County courthouse on May 6, 2008. The substitute trustee's deed, executed under oath on May 6, 2008 by Doyle Cain, recites that written notices were posted in accordance with the terms of the deed of trust and the laws of Texas. Further, the substitute trustee stated under oath that Merchant was served timely, written notice and that the notice of sale was timely filed with the county clerk. There was no requirement that the notice state the total amount owed, which changes daily. Thus, the summary judgment evidence shows that PHH complied with the terms of the deed of trust and the property code. *See* TEX. PROP.

CODE ANN. § 51.002(b), (d).  In other words, there is no evidence of a defect in the foreclosure sale proceedings.  *See Sauceda*, 268 S.W.3d at 139.  Because PHH showed entitlement to judgment on the wrongful foreclosure cause of action, the burden shifted to Merchant to raise a fact question.  *See Ridgway*, 135 S.W.3d at 600.

In response to PHH's motion for summary judgment, Merchant presented a publication by a local abstract and title company called *Wood County Flo-Clo-Info*.  It purports to be a summary of foreclosure notices filed in the Wood County Clerk's office in April 2008.  There is no entry on the publication referring to the foreclosure of Merchant's home.  Merchant contends this raises a fact question regarding whether there is a defect in the foreclosure proceedings.  We disagree.  The publication is not an official Wood County publication.  There is no way to verify that it is complete and accurate.  This evidence is so weak as to do no more than create a mere suspicion that the notice of trustee's sale was not filed in the office of the Wood County Clerk in April 2008.  Thus, it amounts to no evidence.  *See King Ranch, Inc.*, 118 S.W.3d at 751.

Referencing two letters sent to him by a law firm on behalf of PHH Mortgage Corporation, Merchant asserts that he was misled.  The letters are dated March 10, 2008, and April 18, 2008.  Each provides, pursuant to Merchant's request, the reinstatement figures for the loan through the end of the month in which the letter was sent.  Each letter includes an explanation that the amount due changes daily and instructions for him to call for the exact amount due.  The letter also advises him that "[o]nce funds are received, the foreclosure action will be discontinued upon verification with the mortgage company that the funds are sufficient to reinstate your account."  Merchant argues that these letters contradict the assertion that his loan had been accelerated and raise a fact question as to whether PHH waived its right to accelerate and foreclose.  We disagree.  The letters, which were in response to Merchant's inquiries, offered Merchant the opportunity to have the foreclosure process discontinued.  They did not abrogate the effectiveness of the previous notices.  Further, there is no requirement that the three consecutive weeks' notice required by the statute be immediately prior to the sale.  *See Koehler v. Pioneer Am. Ins. Co.*, 425 S.W.2d 889, 892 (Tex. Civ. App.–Fort Worth 1968, no writ).  Thus, the March 10 and April 18 letters do not raise a fact question on the issue of a defect in the foreclosure proceedings or waiver of the right to accelerate and foreclose.

Merchant also asserts that signing the special warranty deed, by which PHH conveyed the property to FNMA, two weeks before the foreclosure sale was an irregularity that raised an issue

7

of fact. Again, we disagree. Title to transferred property will vest upon execution and delivery of the deed. ***Stephens Cnty. Museum, Inc. v. Swenson***, 517 S.W.2d 257, 261 (Tex. 1974). The fact that PHH prepared and signed the deed before the sale does no more than create a mere suspicion, and is no evidence. *See **King Ranch, Inc.***, 118 S.W.3d at 751.

## Suit to Quiet Title

In the motion for summary judgment, PHH argued entitlement to judgment on Merchant's cause of action for suit to quiet title based on standing. As explained above, the evidence shows that the trial court correctly ruled against Merchant on his cause of action for wrongful foreclosure. Because Merchant was no longer the owner of the subject property, he did not have standing to bring a suit to quiet title. *See **Njuku v. Middleton***, 20 S.W.3d 176, 177 (Tex. App.–Dallas 2000, pet. denied). The trial court correctly ruled against Merchant on his cause of action for suit to quiet title.

## Fraud

To prevail on his causes of action for common law fraud and statutory fraud, Merchant was required to prove, among other elements, that PHH made a false representation. *See* TEX. BUS. & COM. CODE ANN. § 27.01(a) (West 2009); ***T.O. Stanley Boot Co. v. Bank of El Paso***, 847 S.W.2d 218, 222 (Tex. 1992). Merchant argues that because PHH Mortgage Corporation was not the owner of the note, all of its actions were fraudulent. As explained above, Merchant judicially admitted that PHH Mortgage Corporation and PHH Mortgage Services are essentially the same entity. Thus, there is no evidence of any false representation. The trial court did not err in granting summary judgment for PHH on Merchant's fraud causes of action. *See* TEX. R. CIV. P. 166a(i).

To summarize, PHH showed that there is no evidence of a defect in the proceedings or a false representation, and, accordingly, Merchant had no standing to assert a suit to quiet title. Merchant failed to bring forth evidence raising any fact questions. Thus, PHH was entitled to judgment on Merchant's causes of action for wrongful foreclosure, common law fraud, statutory fraud, and suit to quiet title. We overrule Merchant's first and second issues.

### BREACH OF FIDUCIARY DUTY

In his third issue, Merchant contends the trial court erred in granting judgment against him on his cause of action for breach of fiduciary duty. He argues that the evidence raised issues

of fact related to the conduct of the substitute trustees. He refers to the use of the predated deed, misrepresentations that the default could be cured, and the failure of the trustee to provide an accounting for the sales proceeds.

Merchant sued for breach of trust and violation of fiduciary duty. Although he named two substitute trustees as defendants, neither were served and therefore they are not parties to the lawsuit. As to PHH, there is generally no fiduciary relationship between a borrower and a lender. *See* **Bank One, Tex., N.A. v. Stewart**, 967 S.W.2d 419, 442 (Tex. App.–Houston [14th Dist.] 1998, pet. denied) (op. on reh'g). Therefore, the trial court correctly ruled against Merchant on his cause of action for breach of fiduciary duty. We overrule Merchant's third issue.

## DISPOSITION

Because there is no evidence of a defect in the foreclosure proceedings or of any false representations, no fiduciary relationship between Merchant and PHH, and because Merchant did not have standing to bring a suit to quiet title, the trial court did not err in granting PHH and FNMA's motion for no evidence summary judgment.[1]

We *affirm* the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered October 9, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because the no evidence summary judgment was proper, we need not address PHH and FNMA's traditional motion for summary judgment. *See* **Ridgway**, 135 S.W.3d at 600.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 9, 2013

NO. 12-12-00261-CV

**LARRY A. MERCHANT,**
Appellant
V.
**PHH MORTGAGE CORPORATION AND
FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
Appellees

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 2008-394)

THIS CAUSE came on to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **LARRY A. MERCHANT**, for which execution may issue, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*